### DAVID MORELAND, PLAINTIFF IN ERROR, *v.* JEREMIAH PAGE.

This court has not jurisdiction, under the twenty-fifth section of the judiciary act, to review the judgment of a State court, where the question involved merely related to the proper boundary between two tracts of land, although the owners of both had valid grants from the United States.

THIS case was brought up from the Supreme Court of the State of Iowa, by a writ of error issued under the twenty-fifth section of the judiciary act.

The case is stated in the opinion of the court.

It was argued by *Mr. Badger* and *Mr. Carlisle* for the plaintiff in error, and by *Mr. Bradley* for the defendant.

Mr. Justice GRIER delivered the opinion of the court.

In a court which is not bound by law to ignore all species of actions, and use only the generic name, this would be called an action of ejectment. Plaintiff's statement alleges that "he is owner of certain adjoining quarter sections of land, and that the northern boundary thereof is a line surveyed by Joel Baily, as per diagram annexed, and that plaintiff claims the line A B to be the true line, while defendant claims that the line C D is the proper line between them. The defendant, by his plea or answer, denies that A B is the true line, and avers that C D is. On this issue the parties went to trial without a jury, and the court decided in favor of plaintiff. But, on appeal to the Supreme Court of Iowa, the judgment below was reversed, and judgment entered for defendant, establishing the line C D as the true line between the respective patents, according to a survey made by Edward James, "a copy of a plat of which is on file in the case, from the original deposited in the office of the surveyor general."

We have searched this record in vain to discover any authority for this court to assert its jurisdiction to review the judgment of the State court under the power granted by the twenty-

fifth section of the judiciary act. The record does not show that it draws in question any treaty, statute, or authority, exercised under the United States; or the validity of any State statute, for repugnancy to the Constitution of the United States; or the construction of any clause of the Constitution; or of a treaty or statute commission held under the United States. It is a mere question of boundary between two neighbors, both admitted to have valid grants from the United States. It is a question of fact, depending on monuments to be found on the ground, documents in the land office, or the opinion of experts or surveyors appointed by the court or the parties. If the accident to the controversy that both parties claim title under the United States should be considered as sufficient to bring it within our jurisdiction, then every controversy involving the title to such lands, whether it involve the inheritance, partition, devise, or sale of it, may, with equal propriety, be subject to the examination of this court in all time to come.

This question is not new; it was decided in the case of Mc-Donough *v.* Millaudon, 3 How., 693, where this court refused to entertain jurisdiction to review the judgment of a State court, ascertaining the boundaries between complete grants under the French Government, as it did not call in question either the construction or the validity of the treaty, or the title to the land held under it. (See also Kennedy *v.* Hunt, 7 How., 593.)

It is therefore ordered that this case be dismissed for want of jurisdiction.