FORT WORTH & DENVER CITY RAILWAY COMPANY V.
JOHN B. GARY.

Decided April 19, 1902.

**Railway Company—Injury to Employe—Assumed Risk—Charge.**
    Plaintiff, while loading cattle for the defendant, was injured by reason of
the giving way of the top plank of the chute against which he was leaning.
The court charged that if the giving way of the plank was caused by defend-
ant's negligence, plaintiff should recover, unless himself guilty of contributory
negligence under the further instructions given, and, after defining contributory
negligence, added further that if plaintiff did know of the dangerous condition
of the plank, his right to recover would not be thereby affected, "if he is other-
wise entitled to recover under the evidence and charge of the court." Held, that
the defense of assumed risk, apart from contributory negligence, was thus, in
effect, erroneously withdrawn from the jury.

    Appeal from Hardeman. Tried below before Hon. G. A. Brown.

*Stanley, Spoonts & Thompson,* for appellant.

*S. J. Osborne,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—About May 1, 1901, at Estelline,
Texas, appellee sustained personal injuries while engaged in loading
cattle for appellant, on account of which a recovery for $500 was had,
from which this appeal was prosecuted. He was standing on the out-
side of the chute with his shins resting against the top plank prodding
the cattle into the car, when this plank gave way and threw him head
first into the pen or chute, thereby inflicting the injuries for which he
recovered.

    The main defense was that of assumed risk, and the evidence was
conflicting as to whether appellee was aware of the condition of this
plank and of the consequent danger of leaning against it. The defense
of contributory negligence was also an issue in the case. The charge
of the court correctly stated in general terms the law of contributory
negligence, and also of the risks assumed by railway employes, but in
applying the law to the facts of this case the court charged the jury as
follows:

    "Now, if you believe from the testimony that the plaintiff in the per-
formance of his duty as stock loader for defendant, fell from the chute
on defendant's stock pen, and that he was thereby injured, and that you
find that the fall was caused by a plank on said chute giving way, and
you find that the giving way of the plank was caused by negligence, as
hereinbefore defined, on the part of the defendant or its servants to
secure said plank, then the defendant would be liable to plaintiff for
the injuries so sustained, if he was not himself guilty of contributory
negligence under the further instruction of the court.

    "But if you find the plank that gave way was defectively and inse-
curely fastened to the post, and that the plaintiff knew that fact, or had

been so informed before he attempted to use it, or that he had been informed that said plank was loose or unsafe, and you find that in thereafter leaning against the plank the plaintiff himself was guilty of negligence, which contributed to his injury, then he can not recover, although the railway may have been first guilty of negligence in maintaining said chute. If plaintiff did not know of the dangerous condition, if any, of said plank, then his right to recover will not thereby be affected if he is otherwise entitled to recover under the evidence and charge of the court."

Error has been assigned to these paragraphs of the charge upon several grounds, but mainly, and justly we think, because the defenses of assumed risk and contributory negligence were thereby confused. In the first paragraph quoted the jury were instructed that the negligence of appellant would render it liable to appellee "if he was not himself guilty of contributory negligence under the further instruction of the court;" and in this further instruction the jury were required to find, in order to defeat liability, not only that appellee knew or "had been informed that said plank was loose or unsafe," but also that appellee "himself was guilty of negligence which contributed to his injuries." This question has been so often considered by this and other appellate courts in Texas that we need only refer to the opinion of Chief Justice Conner in Railway v. Gray, 63 Southwestern Reporter, 927, and the numerous cases there cited. The defense of assumed risk, apart from contributory negligence, was thus in effect withdrawn from the jury.

It is urged, however, in behalf of appellee that these paragraphs of the court's charge but embodied the special instructions requested by appellant, and that the error therefore, if any, was invited; but we do not so read these special charges. The first of them, for instance, requested the submission of the defense of assumed risk as a distinct and complete defense without reference to the issue of contributory negligence, and so far as we can see the instruction was correct and applicable to the facts. The only wonder is that no error has been assigned to the court's refusal to give it.

For the error pointed out the judgment is reversed and cause remanded for a new trial.

*Reversed and remanded.*

Hunter, Associate Justice, did not sit in this case.