San Antonio & Aransas Pass ·Railway Company v.
S. E. Moore.

Decided February 4, 1903.

**1.—New Trial—Newly Discovered Evidence.**
Where a new trial is applied for on the grounds of newly discovered evidence, it must be shown that such evidence was discovered since the former trial, and without any lack of diligence; that it is material, and such as would probably change the result upon another trial; and that it is not merely cumulative.

**2.—Same—Judicial Discretion.**
A motion for new trial upon the ground of newly discovered evidence is addressed to the discretion of the trial court, and unless an abuse of such discretion is shown, its action thereon is not subject to review on appeal.

**3.—Personal Injuries—Medical Expenses.**
In order to recover as items of damage for personal injury the expenses necessarily incurred for medical and surgical treatment it is not essential to prove that the money was actually paid, but only that such expenses were actually incurred and were reasonable.

**4.—Same—Expert Evidence.**
Where in an action for personal injuries the evidence showed that medical and surgical treatment was rendered necessary, but. did not show what were the charges made therefor, and a physician, testifying as an expert, stated that the services such as were rendered plaintiff were reasonably worth a certain amount, but the hypothetical question to which the statement was an answer assumed a certain operation had been performed, while the evidence failed to show such fact, it was error to submit to the jury as an item of damage the expense incurred for medical treatment.

**5.—Same—Expert Evidence.**
Where the evidence showed that a witness was a practicing physician and surgeon, and as such had treated plaintiff and assisted in the operation performed on him for his injuries, and was thoroughly cognizant of their nature, it was competent for him, as an expert, to give his opinion as to the probable duration and effect of such injuries.

**6.—Same—Mortality Tables.**
Where the capacity of a party injured to earn money is partially though permanently impaired for life, mortality tables are admissible for the purpose of determining the amount of damages sustained.

Appeal from the District Court of Gonzales.  Tried below before Hon. M. Kennon.

*Harwood & Walsh,* for appellant.

*S. H. Hopkins* and *J. Rainbolt,* for appellee.

NEILL, Associate Justice.—This suit was brought by the appellee to recover damages for personal injuries alleged to have been inflicted upon him by the negligence of the appellant.

The appellant answered by a general denial, a plea of contributory negligence, and specially denied that the appellee received any injuries whatever from appellant, and averred that if he sustained any physical

injury, such as is alleged in his petition, it was from being thrown from a horse. The trial of the case resulted in a judgment in favor of the appellee for $6250.

*Conclusions of Fact.*—On the 12th day of December, 1900, while the appellee was walking along a pathway extending along appellant's right of way and near its railroad track in the city of Gonzales, Texas, which was used and had continuously for a number of years been used by the public, with the knowledge and acquiescence of the appellant, in passing from one part of the city to another as well as in going to and from appellant's depot, he reached a point in the path opposite and within a few feet of where one of its engines drawing a train had stopped near the depot; and while in the act of passing the engine in going to the depot he was knocked down and seriously and permanently injured by the force of steam escaping from the engine. Appellant's servants were negligent in blowing off steam with such violent force at a place where they might reasonably expect a member of the public to be, and where, if they did not observe appellee, they could have seen him by the exercise of the slightest diligence, and have known that they would be liable to injure him by letting off the steam; and such negligence was the proximate cause of appellee's injury, unmixed with any negligence on his part contributing thereto.

*Conclusions of Law.*—1. The first assignment of error complains of the court's refusal to grant a new trial upon the ground of newly discovered evidence. When a new trial is applied for on this ground, it is necessary to show that a knowledge of the existence of the new evidence was acquired subsequent to the former trial, and that it was not owing to the want of diligence that it was not discovered and obtained in time to be used when the case was tried; that the evidence is material and if admitted would probably change the result upon another trial, and that it is not merely cumulative.

When appellant's motion, with the affidavits attached thereto, is considered and construed in connection with appellee's answer to it and the affidavits attached to such answer explaining and controverting the affidavits attached to the motion for new trial, we must conclude that it was owing to a want of due diligence that the alleged newly discovered evidence was not known and used by the appellant upon the trial of the cause, and that such evidence, if adduced upon another trial, would not probably change the result. In fact it appears that when the affidavits of Henderson and Dr. Caffery (whose evidence is claimed to be newly discovered), attached to appellee's reply to the motion for a new trial, are taken and considered in connection with their affidavits attached to the motion, such evidence is not materially different from that of the witnesses sought to be discredited by the alleged newly discovered evidence. Besides, if the construction contended for by appellant were given to the supposed newly discovered evidence, it would be merely

cumulative of other evidence adduced upon the trial. A motion for a new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and unless it appears that such discretion was abused in overruling the motion, the action of the trial court is not subject to review on appeal. We believe that the motion was properly overruled.

2. The appellant asked the court to instruct the jury in the event they should find that appellee was injured by the alleged negligence of the appellant, that they could only allow him for doctors' bills and medicines such sums as he had shown by the testimony to have been paid out by him, and were shown to be a reasonable and proper charge by competent testimony. There was no error in the refusal of the court to give this charge. To recover as items of damages, for an injury negligently inflicted, expenses necessarily incurred for medicine and surgical treatment, it is not essential to prove that the money was actually paid, but it is only necessary to show that such expenses were actually incurred and were reasonable.

3. In the seventh paragraph of its charge the court instructed the jury in the event they should find for plaintiff, that he would be entitled to recover reasonable and proper doctors' bills, if any, incurred by him for attention to such injuries. This part of the charge would be correct if there were evidence in the case upon which to predicate it. In his petition appellant alleged that by reason of his injuries it became necessary to be treated by physicians, and that he had incurred thereby an expense of $500, and that such amount was a reasonable compensation for the services and treatment rendered him by the doctors. While the evidence shows that medical and surgical treatment were rendered necessary, there is a total failure of evidence to show what charges were made by the physicians for their services and attention; and from a careful consideration of the testimony, we have concluded that the evidence is not reasonably sufficient to show the value of such services so rendered. It is true that physicians as experts testified in answer to a hypothetical question which purported to state the facts and show what surgical and medical services were actually performed, that such services would reasonably be worth $500. The question, however, to which this answer was given assumed that the doctors who performed the operation upon appellee had anchored his displaced floating kidney, and the answer as to the value of services is predicated upon the fact that this was done in the operation performed. There is no evidence in the record that warrants any such hypothesis. On the contrary the facts show that while appellee's kidney had been displaced so as to be what is termed a floating kidney, that it was never anchored, but was simply pushed up and back from his descending colon. Therefore we are constrained to hold that the court erred in submitting the expenses incurred for medical treatment as an item of damages subject to recovery in this case for the reason that the evidence was not sufficient to authorize its submission. This item of expense was alleged in appellee's petition to

be $500, and as under the evidence the jury could not have found more than that upon it, this error can be cured by a remittitur.

4. The remarks of appellee's counsel, complained of in the fifth assignment of error, were authorized as argument by testimony contained in the record. The court, therefore, did not err in overruling appellant's objection that there was no evidence to support the argument complained of. The objection that the effect of the argument was to inflame and excite the passions and prejudice of the jury was not made.

5. The jury were fully and properly instructed upon the measure of damages by the main charge of the court. This rendered it unnecessary to give special charge number 5 referred to in the seventh assignment of error.

6. There is no evidence in the record which would have authorized the court to have instructed the jury that appellee could not recover if his injuries were aggravated by his negligent failure to properly secure medical and surgical treatment. On the contrary the uncontradicted evidence shows that he was prompt and diligent in securing such treatment.

7. The evidence shows that Dr. Oscar Davis was a practicing physician and surgeon, and as such had treated and assisted in the operation performed upon the appellee for his injuries, and was thoroughly cognizant of their nature. As an expert it was competent for him to give his opinion as to the probable duration and effect of such injuries. The court, therefore, did not err in refusing to sustain appellant's objections to such testimony.

8. Where the capacity of a party injured to earn money is partially though permanently impaired for life, mortality tables are admissible for the purpose of determining the amount of damages sustained. Railway Co. v. Manghum, 95 Texas, 413, 67 S. W. Rep., 765; Railway Co. v. Scarborough, 29 Texas Civ. App., 124, 68 S. W. Rep., 200. In view of the fact that the evidence shows that appellee's injuries are permanent, the court did not err in admitting the testimony of a witness to show his life expectancy.

If the appellee will within ten days file a remittitur of $500, the judgment will be affirmed; otherwise it will be reversed and remanded.

*Affirmed.*

Writ of error refused.