SKINNER et al. v. WAITS et al.　(No. 2150.)

(Court of Civil Appeals of Texas. Texarkana. June 26, 1919. Rehearing Denied July 3, 1919.)

JUDGMENT ⬅460(1)—ACTION FOR VACATION AT SUBSEQUENT TERM MUST ALLEGE LEGAL OR EQUITABLE GROUND.

In order to have a final judgment vacated or set aside at a subsequent term, the petition must disclose some legal or equitable ground for the granting of such relief.

Appeal from District Court, Hopkins County; Wm. Pierson, Judge.

Action by Lois Skinner and others, by next friend, against W. T. Waits and others. From a judgment for defendants on demurrer to the petition, plaintiffs appeal. Affirmed.

J. A. Dial and J. M. Melson, both of Sulphur Springs, for appellants.

Thornton & Thornton, of Sulphur Springs, for appellees.

LEVY, J. This is an action by appellants against the appellees to set aside a judgment entered at a former term of the district court. The court sustained a general demurrer to the plaintiffs' petition, and the appeal is to revise the ruling of the court.

It appears from the allegations in the petition that W. T. Waits and F. L. Waits, by deed of January 9, 1915, conveyed 45½ acres of land to "J. Mercer Carter, as trustee for the minor children of R. O. Carter and Ellen Curtiss Skinner." The deed recited the consideration of $1,500 cash and a vendor's lien note for $2,500, signed by the said trustee. Subsequently, on August 8, 1917, W. T. Waits and F. L. Waits filed suit in the district court of Hopkins county; the parties defendant being J. Mercer Carter, trustee, and Lois Skinner, Wade Skinner, Paul Skinner, Dorothy Carter, and Roy Carter, Jr., "the minor heirs of R. O. Carter and Ellen Curtiss Skinner," and the petition alleging a default in the payment of the $2,500 vendor's lien note, and that the recited consideration in the deed of $1,500 was in truth never paid to the grantors. The prayer of the said petition was for foreclosure of the vendor's lien note, or, in the alternative, for rescission of the sale and cancellation of the deed and the lien note. It appears that the court appointed J. Mercer Carter as guardian ad litem for the minor defendants, and on trial of the case, upon the findings of fact by the court that the vendor's lien note was due and unpaid, and that the $1,500 recited in the deed was never actually paid, a decree was entered, rescinding the sale of the land and canceling the deed and note.

The petition in the instant case seeks to set aside and vacate the above former judgment in that suit, upon the grounds (1) that the guardian ad litem was inexperienced in lawsuits and had no attorney to represent him, and that his interests as trustee "were adverse to the rights of the defendants"; (2) that there was no evidence offered in the trial of the case; and (3) that the $1,500 was actually paid, as recited in the deed.

The court did not err, it is thought, in sustaining the demurrer to the petition. It does not appear that the interest of the trustee of the title was adverse to the interest of the minors, for whom he held the title, and whom he represented as guardian ad litem, and there is no charge of fraudulent act or conduct on his part; and there is no allegation that fraud or deceit was practiced by the plaintiffs in the suit or the guardian ad litem in securing the decree or in misleading the court into rendering the judgment. And there is no equitable ground alleged to set aside the former judgment. In order to have a final judgment vacated or set aside at a subsequent term, the petition must disclose some sufficient legal or equitable ground for the granting of such relief. Goss v. McClaren, 17 Tex. 107, 67 Am. Dec. 646.

The judgment is affirmed.