## TAYLOR MILLING CO. v. AMERICAN BAG CO. (No. 6251.)

(Court of Civil Appeals of Texas. Austin. April 27, 1921.)

1. Pleading ⚙══93(1)—Contradictory pleas may be filed in the alternative.

A party may in the alternative file contradictory pleas.

2. Pleading ⚙══93(2)—Paragraph of answer pleading oral contract not demurrable though other paragraph pleads in the alternative a written contract.

Paragraph in answer alleging an oral contract *held* not demurrable notwithstanding other paragraph in answer setting out as exhibits buyer's order and seller's letter of confirmation, and alleging, in the alternative, that if defendant is mistaken as to the contract being verbal, and that should it be held that the exhibits so set out show that the contract was in writing, nevertheless plaintiff breached the contract.

3. Evidence ⚙══400(4)—Contract held an oral, and not a written, one, notwithstanding written order and confirmation thereof.

Where buyer and seller entered into a contract over the telephone without an agreement that the contract was to be reduced to writing, the mere fact that buyer subsequently filled out an order blank, and that on receipt thereof seller sent buyer a letter of confirmation, did not make the contract a written one, so as to come within the parol evidence rule.

4. Sales ⚙══88—Whether time is of the essence is a question for the jury.

Whether time is of the essence of a contract is a question of fact for the jury unless the contract expressly makes it so or the subject-matter of the contract is such that a court will take judicial notice that the parties obviously intended that time should be of the essence of the contract.

5. Sales ⚙══88—Time held not of the essence of sales contract as matter of law.

The phrases "When ship, 30 days" in order, and "When ship, 9—23" in letter of confirmation, *held* insufficient to show that, as a matter of law, time was of the essence of sales contract, where buyer had been buying sacks from seller for years on similar contracts, in the performance of which the parties themselves had not regarded time as of the essence.

---

⚙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Evidence ⊙461(1)—Proof of agreement that custom of parties should apply to written contract not objectionable as contradicting the written contract.**

Where time was not expressly made the essence of the written contract, proof that it was agreed that the usage of the parties in not regarding time as the essence of contracts that had been entered into between them during the years they had been dealing with each other, held not objectionable as contradicting the written contract.

**7. Evidence ⊙457—Technical language may be explained by parol testimony.**

Provision of contract for sale of sacks reading, "Apply usual quantity differentials," could be explained by parol testimony that the prices stated were for lots of 1,000, but that, if sacks were shipped in greater quantities, a less price should be paid for them.

Appeal from Williamson County Court; D. W. Wilcox, Special Judge.

Suit by the American Bag Company against the Taylor Milling Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

Melasky & Moody, of Taylor, for appellant.

Solon I. Reinhardt and Critz, Lawhon & McNair, all of Taylor, for appellee.

JENKINS, J. This suit was brought by appellee to recover the price of certain sacks which appellant admits it received and has not paid for.

Appellant answered by way of cross-bill that it had been damaged by appellee's breach of contract to ship it 20,000 flour sacks at an agreed price.

Appellee filed numerous special exceptions, the substance of which is that appellant's cross-bill appears upon its face to be an attempt to vary a written contract by oral testimony. The ground for these exceptions is that certain exhibits attached to defendant's answer show that the contract pleaded by appellant was in writing. Paragraph 3 of appellant's answer alleges a completed oral contract by phone, without any reference to the exhibits thereafter referred to.

[1, 2] Under our system of pleading, a party may in the alternative file contradictory pleas, and, if par ... h 4 of appellant's answer, by referring to the exhibits, alleges a written contract, this would afford no ground for sustaining the demurrer to the third paragraph of appellant's answer.

[3] In paragraph 4 appellant repeats the allegations in paragraph 3 as to the contract being oral and adds that appellee's agent, for the purpose of informing it of the sale so made, filled out an order blank and mailed a copy of same to appellee and also to appellant; this order blank is attached to defendant's answer as Exhibit A; also that appellee, for the purpose of confirming such oral sale, sent to appellant a letter of confirmation, which is attached to appellant's answer as Exhibit B. Appellant alleges that there was no agreement that the oral sale should be reduced to writing, and that the same was not reduced to writing, and that said order and letter of confirmation do not constitute a contract between appellant and appellee, and that appellant never agreed that they should do so.

If these allegations are true, the exhibits referred to do not show a written contract. Bewley v. Schultz, 115 S. W. 294; Watson v. Howe, 214 S. W. 844.

In Bewley v. Schultz, supra, the court said:

"There was no understanding that this verbal contract made over the telephone between these parties was to be reduced to writing, nor was it reduced to writing. * * * The order sheet does not constitute a contract in writing."

In Watson v. Howe, supra, the court said:

"It was not necessary to send the letter of confirmation, for the trade was closed in the telephone conversation."

The allegations in the instant case are substantially the same as the evidence in the cases cited. They do not show a written contract.

The exhibits referred to are as follows:

"Exhibit A.

"American Bag Company, Memphis.
"8/23/1916.

"Order No. 6179.
"Name, Taylor Mfg. Co.
"Town and State, Taylor, Tex.
"When ship, 30 days; route as usual.
"Terms as usual. F. o. b. Memphis, freight Pd.

| Quantity. | Size. | Specifications. | Price per 1,000. |
|---|---|---|---|
| 10000 | 48 | #10 30x34 Southern Beauty | 58.25 |
| | | # 6 26x26 " " | 30.50 |

"Apply usual quantity differentials.

"Above specifications subject to change ten days prior to shipping date.

"All conditions must be expressed in writing. No verbal agreements recognized. This order taken subject to approval of American Bag Company. Execution of this order contingent on strikes, accidents or causes beyond our control. Shipper not responsible for loss, damage or delay in transit.

"Ordered by long distance phone through Mr. Rayzor. ——, Purchaser. Heiser, Salesman."

"Exhibit B.

"Date order, 8–23–16. Date rec'd, 8–25. When ship, 9–23. Customer's order No. ——. Salesman, H. Salesman's order 6179. Con-

tract. Order No. Mem. Terms, 2% 10. F. o. b. Memphis. Acknowledgment.

"Sold to Taylor Milling Co., P. O., Taylor; State, Texas. American Bag Company, Memphis, Tenn. Payable in New York, Chicago, St. Louis, New Orleans, or Memphis funds at par.

"Ship to ——. Routing, C. B. Freight rate 1 15.

| Quantity. | Size. | Brand. | Description. | |
|---|---|---|---|---|
| 10,000 | 48 | Southern Beauty | 30x34 | 58 25 |
| 10,000 | 24 | " " | 26x26 | 38 50 |

"This is an exact copy of your order as we have recorded same. If not correct promptly advise, referring to above order No.

"Subject to change of specifications, and usual quantity differentials.

"Execution of this order contingent upon strikes, accidents or causes beyond our control.

"Our responsibility ceases on our receiving signed bill of lading from the transportation company."

Appellant alleges that the oral contract hereinbefore referred to was made on August 23, 1916, whereby appellee agreed to ship it the sacks described in the foregoing exhibits at the price therein stated. It alleges in the alternative that, if it is mistaken as to the contract for said sacks being verbal, and it should be held that the exhibits show that such contract was in writing, nevertheless appellee breached said contract, in that it refused to ship said sacks on the shipping order of appellee, given within a reasonable time after the expiration of 30 days from the date of the contract, that time was not of the essence of said contract, and that appellee was obligated to ship said sacks in quantities as ordered by appellant within any reasonable time, and that up to December 10, 1916, when appellee refused to ship any sacks on said contract, was a reasonable time.

The court sustained an exception to these allegations. In this there was error.

[4] Whether or not time is of the essence of a contract is a question of fact for a jury, unless the contract expressly makes it so, or unless the subject-matter of the contract is such that a court will take judicial knowledge of the fact that the parties obviously intended that time should be of the essence of the contract. Such would be the case in a contract to deliver cotton or wheat, or any article of which there was a constantly fluctuating market, ascertainable by established market quotations. The modern tendency is to hold that time is not of the essence of a contract, except under the circumstances above stated. Kirchoff v. Voss, 67 Tex. 320, 3 S. W. 548; Secombe v. Steele, 61 U. S. 94, 15 L. Ed. 836; Ahl v. Johnson, 61 U. S. 511, 15 L. Ed. 1009; 13 C. J. 687.

[5] If it be assumed that the salesman's order sheet and the seller's letter of confirmation constitute a written contract, there is nothing therein to show that, as a matter of law, time was of the essence of the contract. The phrase in the one, "When ship, 30 days," and in the other, "When ship, 9—23," may, under the circumstances of the transaction, mean no more than that shipment was to be made in a reasonable time. 9 Cyc. 605. That appellee so construed these phrases seems to be indicated by the fact that it did not ship any of the sacks on September 23d. It ought not to be presumed, in the absence of evidence to that effect, that appellee deliberately intended to breach its contract.

[6] Appellant alleges that for years it had been buying sacks from appellee on similar contracts, and that appellee had always shipped same at the price named in such contracts, at such times and in such quantities as ordered to meet appellant's requirements in the conduct of its milling business. This, if true, would indicate that the parties themselves had not regarded time as the essence of such contracts. Appellant alleges that it was expressly agreed that this usage should apply to the contract here under consideration. If time was not of the essence of the contract, proof of such agreement would not contradict the written contract, but would serve to explain the same.

[7] Appellant alleges that, if the contract was in writing, it contained technical language, which it was competent to explain by expert testimony, namely, "Apply usual quantity differentials;" that this language meant that the prices stated are for lots of 1,000, but, if the sacks were shipped in greater quantities, a less price should be paid for same. This, if true, clearly indicates that the sacks were not all to be shipped on September 23, 1916, but as ordered within a reasonable time.

The court erred in sustaining an exception to these allegations.

For the errors indicated, this case is reversed, and remanded for a new trial in accordance with this opinion.

Reversed and remanded.