**BAILEY–MOLINE HARDWARE CO. v. MODERN WOODMEN OF AMERICA.**

No. 13248.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 25, 1935.

Rehearing Denied Nov. 22, 1935.

Ewing Clagett, of Wichita Falls, for appellant.

Heyser & Hicks, of Wichita Falls, for appellee.

MARTIN, Justice.

This case originated in the justice court of precinct No. 1 of Wichita county and on appeal to the county court a judgment was rendered sustaining a plea of the two years' statute of limitation as against certain items of an account of the Bailey-Moline Hardware Company, plaintiff, against the local camp of the Modern Woodmen. The account in controversy was evidenced by nine instruments of identical form and substance, one of which is here copied:

| OCH 250 | 0461 | June 2—31 |
|---|---|---|
| Amount of Transaction | Sale Number | Date |

BAILEY–MOLINE HARDWARE CO.
Phones 4104, 4105          1000–1006 Indiana Avenue

| Charge | Cash | Clerk |
|---|---|---|
| ∨ | | 9 |

M   Modern Woodmen

Address

| 2 | Balls | | 2 50 |
|---|---|---|---|

T. B. Eitzen

Signed By _____

The trial court held the account, based upon these instruments, subject to the two years' statute of limitation. Article 5525, R.S. 1925 as amended by Acts 1927, c. 239, § 1 (Vernon's Ann.Civ.St. art. 5525). Appellant, plaintiff below, excepted and brings the case here by appeal, upon one question, as an agreed case.

Appellant contends that the instrument above set out is a "contract in writing,"

such as is contemplated by article 5527, R. S. 1925, and therefore not subject to the two years' statute of limitation, while appellee insists that it is not a contract at all, but only a "sales-slip," or invoice, and that the signature of Mr. Eitzen upon the same is only an acknowledgment of Eitzen that the goods were delivered to him as the representative of the camp.

In oral argument, as well as in their briefs, counsel have admitted that they have been unable to furnish this court with authorities directly in point, and an examination of those they have cited as being analogous do not assist us in deciding the question. Suggestion is made by counsel for appellee that it is a question of "first impression" and, in doubt of his statement, we have made a rather diligent search and confess that we have failed to find anything in the books we have access to seeming to be in point.

We know in a general way, from personal experience and observation, that this form of instrument is one used in mercantile establishments, especially the larger ones, and called a "sales slip." Its evident purposes are, first, to identify the sale and the articles sold; second, to identify the person making the sale (in this instance salesman No. 9); third, whether the sale was for cash or on credit (in this instance on credit); and, fourth, to identify the person to whom the articles were delivered. It also gives a sale number and the date of sale for the convenience of the bookkeeper. In practice, we believe these slips are made out in triplicate and one copy is given to the purchaser and two retained by the salesman.

In our opinion, the instrument is not a "contract in writing" within the meaning of the statute referred to. There is no express promise on the part of Eitzen to pay, either in person or as agent for the lodge, and while the law implies such a promise, such implied promise takes it out of the field of a written contract as we understand the law. We believe it was the intention of the Legislature to provide a four years' period of limitation upon written promises to pay and not upon contracts so incomplete that the law must come to the aid of the parties and imply the promise, as it would have to do in this case if we should construe it otherwise.

Then, under the elementary rule for the construction of written instruments, we are required to find, if possible, from the instrument itself, the intention of the parties, and under this rule we find nothing within its "four corners" to indicate that it was intended to be anything more than a sales slip or a memorandum of sale and delivery, made for the convenience of the parties and not intended as a binding written promise to pay. We apprehend that if cash had been paid and the articles delivered to Eitzen, or to the janitor of the lodge, the sales slip would have been signed by the person to whom the articles were delivered just the same. This is apparent from the instrument itself. As we view the matter, it is not, nor was it ever intended to be, a contract to pay.

As indicated herein, our conclusion is based entirely upon what we gather from the instrument itself and ordinary rules of construction, hence we cannot cite any authority.

The judgment of the trial court is affirmed.