**HIGHTOWER OIL & REFINING CORPO.
RATION v. HEYSER.**

No. 8911.

Court of Civil Appeals of Texas. Austin.

Dec. 6, 1939.

March 6, 1935, and July 11, 1935. This suit was filed on December 20, 1938. While appellant alleged in its petition that its debt was founded upon written contracts, it attached thereto a stated account, manifestly taken from its books, and also as an exhibit an instrument (common to all items), upon which it predicated its allegations that its cause of action was founded upon contracts in writing. This instrument was as follows:

"HIGHTOWER OIL & REFINING CORP.
"Brownwood, Texas, Phone 310
"No. 10344
"Sold to W. H. Heyser DATE 5-24 1935 Time 8:30 M

| FOR | Manner of Delivery, Bulk | |
|---|---|---|
| | CAR No. | CAR INITIAL |
| Address  Brownwood, Texas | Truck No. | Boat or Barge |
| QUANTITY  GRADE Tender 7B-4-332 | PRICE | AMOUNT |
| | Gasoline | | |
| | State  Tax  (4c  per gallon) | | |
| | Federal Tax (1c per gallon) | | |
| | Kerosene | | |
| | Lubricating  Oil | | |
| | Gas oil | | |
| 21  Bbl | Fuel oil | 70 | 14 70 |
| | Crude oil | | |
| | TOTAL | | |

Sale Made by Hightower Oil & Refining Corp.
Per Adelaide Lake
Received By ———
Per W. H. Heyser."

Brown, Prescott & Bohannon, of Brownwood, and J. E. Brown, of Brady, for appellant.

Levie Old, of Brownwood, for appellee.

BAUGH, Justice.

Appellant sued appellee in the County Court of Brown County for a balance of $343.48 claimed to be due it by Heyser for merchandise sold by it to him. The trial court sustained a special exception to appellant's petition on the ground that the debt sued for was barred by the two-year statute of limitations, and rendered judgment for appellee accordingly; hence this appeal.

The merchandise was sold and delivered to Heyser on numerous dates between

Appellant's contention is that having alleged in its petition a debt founded upon instruments in writing to which the four-year statute of limitations (Sub. 1 of Art. 5527, R.C.S. 1925) would apply, the trial court erred in sustaining appellee's plea of limitation of two years, raised only by special exception.

The general rule is that: "The defense of limitation may be raised by exception only when it affirmatively appears from the face of the petition that the cause of action asserted is barred." See 28 Tex. Jur., § 198, p. 292 and cases cited. It is the contention of appellant that its pleadings brought it within this rule. But for the instruments attached to its petition upon which the allegations in the body of the petition were based, its contention would be correct.

204

It affirmatively appears, however, that its general allegations of a contract in writing are but appellant's interpretation of the instruments relied upon and made a part of the petition. When that is done the alleged contract controls the character of the cause of action asserted, and not the pleader's interpretation of such contract. Behan v. Ghio, 75 Tex. 87, 12 S.W. 996; Rowles v. Hadden, Tex.Civ.App., 210 S.W. 251; Ætna Ins. Co. v. Long, Tex.Civ. App., 47 S.W.2d 854, 856; 10 Tex.Jur., § 288, p. 497.

If, therefore, the above copied instrument does not constitute a written promise to pay, it is clear that appellant's debt is but a suit upon open account.

In Bailey-Moline Hdw. Co. v. Modern Woodmen, 89 S.W.2d 246, the Court of Civil Appeals at Fort Worth had before it an instrument to all intents and purposes the same as that involved in the instant case. That court held that it was but a "sales slip" or memorandum of sale, and not a contract in writing to pay. Clearly that is all that the instrument here involved can be considered. It was manifestly but a memorandum, used for bookkeeping purposes, showing who made the sale, the quantity and price of the goods, and who received them. It does not show whether such goods were sold for cash or on credit. The memorandum would obviously have been the same had cash been paid for the goods at the time. It embodies no promise to pay; nor does it purport to be a written order for goods for future delivery. That it was treated merely as a memorandum for bookkeeping purposes by appellant is demonstrated by the stated account of Heyser to appellant, obviously taken from appellant's books, also attached to its petition as an exhibit, showing numerous purchases and credits, on Heyser's account with appellant.

Under these circumstances, we think it appears on the face of the petition itself, which, as stated, is predicated upon these memoranda or sales slips, that no written contract was pleaded; but that the only cause of action asserted was upon an open account. That being true the defense of limitation could be raised by special exception and the trial court did not err in sustaining such exception. The judgment will therefore be affirmed.

Affirmed.