**JOSEPH ZUKIN OF CALIFORNIA v. PRICE et al.**

No. 9934.

Court of Civil Appeals of Texas. Austin.

Jan. 24, 1951.

Rehearing Denied Feb. 21, 1951.

Writ of Mandamus Denied April 11, 1951.

See 238 S.W.2d 171.

Looney, Clark & Moorhead, and Martin Harris, by Martin Harris, all of Austin, for appellant.

Bruce Bledsoe, Austin, for appellee.

GRAY, Justice.

Appellant is a private corporation with its principal office and place of business in Los Angeles, California, and its business is manufacturing women's clothing in accordance with orders theretofore received from retail dealers. Appellees operate a ladies ready-to-wear business in Austin, Texas, under the assumed name of Price's Specialty Shop. On January 7, 1947, appellee Mary L. Price, as buyer for Price's Specialty Shop, visited the show room of appellant in Los Angeles and there purchased certain women's dresses, as reflected by the following instrument:

# JOSEPH ZUKIN
## OF CALIFORNIA

719 SOUTH LOS ANGELES ST.
Telephone Trinity 7117
LOS ANGELES 14, CALIFORNIA

Prior to May 5, 1947, some of the dresses were shipped and were accepted by appellees. On that date appellees, by letter, notified appellant that the agreement not to ship the same styles and lot numbers of dresses sold to appellees to other stores in Austin had been violated, and for that reason attempted to cancel future shipments of dresses. Thereafter appellant shipped the remainder of the dresses listed in the above instrument to appellees, who refused to accept them.

Appellant filed this suit against S. B. Price and wife, Mary L. Price, and alleged they operate as stated, supra, and that "on January 7, 1947, the defendant Mary L. Price, otherwise known as Mrs. S. B. Price, while acting as buyer for Price's Specialty Shop in Austin, Texas, and while in the place of business of plaintiff, executed an order for certain goods and clothing, specifying the style numbers, descriptions, sizes, number of garments, prices per garment, and dates for shipment of such items purchased." The suit is for the purchase price of the dresses not accepted, express, storage charges, and interest.

Upon a non-jury trial, a judgment was rendered that appellant take nothing.

Over appellant's objection, appellee Mrs. S. B. Price was permitted to testify: "Mr. Zukin and I discussed very extensively about my buying styles that would not be in Austin. That was my purpose in going to Los Angeles, was to buy merchandise that would be different and unusual, and Mr. Zukin definitely, after we had talked about our stock in Austin, the size of it, the volume of merchandise that we sold per year and we were looking at the merchandise and talking about the numbers; I told him that I wanted exclusive styles and numbers, certainly not the exclusive line of Joseph Zukin; so in talking about it, he told me that if I would buy them in half dozens and dozens instead of two and three pieces, that he would certainly see that the styles that we bought would not be shipped to the other stores in Austin." And further that Joseph Zukin said that " * * * he and Mrs. Goodrich would make certain that the same styles and numbers were not shipped to other stores in Austin."

Appellant says this evidence was not admissible because it violated the parol evidence rule; the above instrument being a contract in writing a parol condition could not be engrafted on it, and that the trial court erred in finding that the representation made by Joseph Zukin constituted an inducement for the execution of the purchase order.

■ Our careful consideration of the writing leads us to the conclusion that it is not a written contract as contended by appellant, and that it is no more, nor less, than a confirmation of a prior oral purchase of the dresses therein listed. Bailey-Moline Hdw. Co. v. Modern Woodmen of America, Tex.Civ.App., 89 S.W.2d 246; Hightower Oil & Refining Corp. v. Heyser, Tex.Civ.App., 135 S.W.2d 202; Foley v. Curie, Tex.Civ.App., 189 S.W.2d 349; Taylor Milling Co. v. American Bag Co., Tex. Civ.App., 230 S.W. 782. Various markings appear on the instrument with no explanation in the evidence as to who put them there, or why. The instrument recites: "Date Jan 7th 1946," "Sold to Prices," "Ship as Ready," "Complete May 31." We think the writing cannot be interpreted as a written contract of purchase and sale but only a "sales slip" or other sales memoranda commonly used in the conduct of businesses such as that of appellant.

Our holding that the contract between appellant and appellees was oral, of necessity is a holding that the testimony of Mrs. Price (as to the agreement between the parties) was properly admitted.

■■ This holding might well conclude this opinion except for the statement contained in the instrument that "This order is not subject to cancellation. No return will be allowed as we manufacture against bona fide orders only." When we give effect, as the trial court did, to the agreement as testified to by Mrs. Price, and fully analyze the agreement, we think it can not be said there is a conflict between the oral agreement and the above quoted line, which appellant says is a condition accepted by appellees. This is true because such condition must be interpreted to be no more than a part of the oral agreement and to

mean that the order is not subject to cancellation if the dresses are manufactured and shipped in keeping with the agreement of the parties. Hill & Co. v. Parker, Tex. Civ.App., 145 S.W.2d 330. To hold otherwise would enforce and hold appellees liable on an agreement different from the one proved, and release appellant from the contract made by him. Even if this quoted line presents an inconsistency and conflict in the agreement as made, the two must be construed together in order to give effect to the intention of the parties. Harrison Bldg. Co. v. B. F. Dittmar Co., Tex.Civ. App., 4 S.W.2d 1038.

The judgment of the trial court is affirmed.

Affirmed.