**T. D. TAYLOR, Appellant,**

v.

**Carl MARK, Appellee.**

No. 4202.

Court of Civil Appeals of Texas.

Waco.

March 12, 1964.

Rehearing Denied April 2, 1964.

Robert G. Carter, Marlin, for appellant.

Thomas Bartlett, Jr., Reagan & Welch, Marlin, for appellee.

WILSON, Justice.

Appellee, Mark, alleged he and appellant entered into an agreement that appellant would furnish material and appellee was to perform the labor to construct a dwelling. He pleaded that after he had done much work, appellant denied him access to the premises, completed the building himself, sold the house, and failed to pay appellee his damages for breach of the contract.

The damage issue submitted authorized the jury, in determining the value of labor and material furnished by appellee in constructing the building, to consider the "reasonable value of materials paid for by Carl Mark and used in the construction of the house in question."

Appellant's sole point is that the court erred in submitting this instruction over his objections: (a) that the issue "allowed the jury to consider as an item of damages the value of material furnished by plaintiff when he did not seek to recover for the value of such material in his pleading"; and (b) there was no evidence as to the value, quantity or nature of materials paid for by appellee and used in the construction of the house.

Appellee's petition itemized with particularity the items of damage sued for, including $7 paid by him for steel to reinforce the concrete foundation. He alleged a claim for the personal services, labor and material furnished, and prayed judgment for damages in the amounts pleaded. The pleading was sufficient.

Appellee testified he got from a wrecking yard and used in the building several hundred pounds of reinforcing steel to supplement eight bars which appellant furnished; that its value was $7. Appellee's measure of damage is not contingent on his actual payment for the steel, notwithstanding the damage issue used the words, "paid for." Austin Stone Industries, Inc. v. Capitol Power Co., Tex.Civ.App., 290 S.W.2d 689, 692, writ ref., n. r. e.; San Antonio & A. P. R. Co. v. Moore, 31 Tex.Civ.App. 371, 72 S.W. 226, writ ref.; Peacock v. Coltrane, Tex.Civ.App., 116 S. W. 389, 390. It is immaterial whether plaintiff proved that he had actually paid for the material previously, and the objection does not present reversible error. 25 C.J.S. Damages § 46, p. 525; 15 Am.Jur., Sec. 148, p. 556.

Affirmed.