**Richard A. LEYENDECKER, Appellant,**

v.

**SANTA ROSA MEDICAL CENTER,**
Appellee.

**No. 905.**

Court of Civil Appeals of Texas, Tyler.

Feb. 12, 1976.

Jacob G. Hornberger, Laredo, for appellant.

Joseph Y. Stateson, San Antonio, for appellee.

DUNAGAN, Justice.

This suit was instituted by appellee, Santa Rosa Medical Center, as an action on a sworn account against Richard A. Leyendecker, appellant herein, and his son, Gary Leyendecker, for labor and services performed and merchandise sold to the defendant, Gary Leyendecker, in the sum of

$1,495, plus attorney's fees of $490. The appellant answered by a general denial, and thereupon the appellee filed a motion for summary judgment. The appellant, Richard A. Leyendecker, answered plaintiff's motion for summary judgment alleging that Gary Leyendecker was at the time over 18 years of age and his father, Richard A. Leyendecker, was no longer responsible for any indebtedness incurred by his son, Gary, as Art. 5923b, V.A.T.S., extended to him all the rights, privileges and obligations of majority. Appellant admitted liability for any amounts owing by Gary Leyendecker prior to said date of August 27, 1973, the effective date of Art. 5923b, V.A.T.S. The admitted liability amounts to $337. An affidavit signed by the appellant, Richard A. Leyendecker, setting forth these facts was attached to the appellant's answer to the motion for summary judgment. The trial court granted the motion for summary judgment against both this appellant and his son in the amount of $1,495, plus $500 for attorney's fees, being the total of $1,995. From this judgment appellant has appealed. Defendant, Gary Leyendecker, did not appeal and the judgment against him is final.

Appellant by his sole point of error contends that the trial court should not have rendered judgment against him in a sum greater than $337 and that the judgment for the sum greater than that was error.

The summary judgment proof shows that Gary Leyendecker was admitted to the Santa Rosa Medical Center on August 26, 1973, as a result of injuries received in a collision between two automobiles and was discharged on October 11, 1973; that the medical center made written demand on the appellant and his son for payment of its claim in the sum of $1,495, more than thirty days prior to the filing of the suit against them; and that said claim has not been paid or satisfied.

This appeal can be disposed of on appellee's second counterpoint which states in substance that the trial court did not err in granting judgment in favor of appellee for the reason that the appellant failed to file a written denial under oath stating that each and every item is not just or true or that some specified items are not just and true in accordance with Rule 185, T.R.C.P. Rule 185 provides that when an action "is founded upon an open account or other claim for goods, wares and merchandise, * * * or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; * * *. When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be."

Appellee's suit was upon an open account. *Joseph Zukin of California v. Price*, 236 S.W.2d 500 (Tex.Civ.App.—Austin 1951, writ of mandamus denied 150 Tex. 158, 238 S.W.2d 171); *Hightower Oil and Refining Corporation v. Heyser*, 135 S.W.2d 202 (Tex. Civ.App.—Austin 1939, n. w. h.); 1 Tex. Jur.2d sec. 25, p. 286. It was verified in accordance with Rule 185, T.R.C.P. Appellant's answer consisted only of a general denial and such answer was not sworn to as required by Rule 185.

■ Where a defendant in an action on sworn account files an answer not in compliance with the Rules of Civil Procedure, he will not be permitted to deny the plaintiff's claim or any item included therein. *Oliver Bass Lumber Company, Inc. v. Kay and Herring Butane Gas Company, Inc.*, 524 S.W.2d 600 (Tex.Civ.App.—Tyler 1975, n. w. h.).

Appellant's unverified answer could raise no issues of fact in a suit upon an open account verified in accordance with Rule 185 and, accordingly, appellee was entitled to summary judgment. *Collins v. Kent-Coffey Manufacturing Company,* 380 S.W.2d 59 (Tex.Civ.App.—Eastland 1964, writ ref'd); *McDonald v. Newlywed's, Inc.,* 483 S.W.2d 334, 337 (Tex.Civ.App.—Texarkana 1972, writ ref'd n. r. e.); *A. G. Solar v. Petersoon,* 481 S.W.2d 212, 215 (Tex.Civ. App.—Houston, 14th Dist., 1972, n. w. h.). Failure to file a sworn denial of a verified account amounts to an admission that the account is correct. *Akins v. Coffee,* 376 S.W.2d 953 (Tex.Civ.App.—Dallas 1964, writ dism'd); *McDonald v. Newlywed's, Inc.,* supra.

Appellant having failed to verify his allegations, summary judgment for appellee was proper under Rules 185 and 166–A, T.R.C.P. *King v. United Distributing of Texas, Inc.,* 463 S.W.2d 456 (Tex.Civ.App.— Dallas 1971, n. w. h.) and *Collins v. Kent-Coffey Manufacturing Company,* supra.

The judgment of the trial court is affirmed.