**Ray COLLINS, Appellant,**

v.

**KENT–COFFEY MANUFACTURING COMPANY, Appellee.**

No. 3888.

Court of Civil Appeals of Texas.

Eastland.

May 22, 1964.

Rehearing Denied June 19, 1964.

Day & Donalson, James E. Day, Jr., Dallas, for appellant.

Ungerman, Hill, Ungerman & Angrist, Vernon O. Teofan, Dallas, for appellee.

GRISSOM, Chief Justice.

Kent-Coffey Manufacturing Company sued Ray Collins upon a verified account. Ray Collins filed an answer which was not verified. He denied generally plaintiff's allegations; specifically denied that $1,406.76 of the account was lawfully chargeable to him, alleging it was the debt of a corporation, and generally claimed an offset for damage to the furniture delivered to him. Kent-Coffey Manufacturing Company filed a motion for summary judgment to the effect that its suit was upon a verified account and that Collins' answer was insufficient to assert a defense. The court granted plaintiff's motion and rendered judgment against Collins for the amount of the verified account. Collins has appealed.

Appellant's points are that the court erred in holding there was no genuine issue of material fact because (1) the sales after December 23, 1962, were to be made to Ray Collins Sales Company, Inc.; (2) appellant was entitled to an offset because of damage to furniture delivered to him. He says that such defense and offset did not require verification.

Appellee's suit was upon an open account, verified in accord with Texas Rules of Civil Procedure, rule 185. Appellant's answer was not sworn to. Appellant's position is that the allegations of his unverified answer raised issues of fact as to whether a portion of the account was lawfully chargeable to him and whether he was entitled to an offset to said account by reason of damage to the merchandise delivered to him. Rule 185 provides that when an action is founded upon an open account for merchandise, supported by affidavit of the plaintiff that such claim is within his knowledge just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the defendant files a written denial, under oath, stating that such claim is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust. "When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein * * *". Appellant, having failed to "file such affidavit", as required by Rule 185, he could not deny appellee's claim and there was no

genuine issue of material fact as to whether appellant was lawfully chargeable with a portion of the account or whether he was entitled to the alleged offset. Yelton v. Bird Lime & Cement Company, Tex.Civ.App., 161 S.W.2d 353, 355, (Writ Ref.); Crenshaw v. Home Lumber Co., Tex.Civ.App., 296 S.W. 342, (Writ Dis.); Walker-Neer Machine Company v. Acmeline Manufacturing Company, Tex.Civ.App., 279 S.W.2d 156, 157, (Ref. N.R.E.); Burnett v. Cory Corp., Tex.Civ.App., 352 S.W.2d 502, (Ref. N.R.E.).

Appellant having failed to verify his allegations, a summary judgment for appellee was properly rendered under Texas R.C.P. 166–A. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 951; Gulf, Colorado & Santa Fe Railway Company v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500; Allen v. Western Alliance Ins. Co., 162 Tex. 572, 349 S.W.2d 590.

The judgment is affirmed.