Jesse W. WILSON, Appellant,

v.

**CLARKE FLOOR MACHINE COMPANY,**
Appellee.

No. 3877.

Court of Civil Appeals of Texas.

Eastland.

June 12, 1964.

Alvin Boyd, Dallas, for appellant.

Ungerman, Hill, Ungerman & Angrist, Stanford M. Dolginoff, Dallas, for appellee.

COLLINGS, Justice.

Clarke Floor Machine Company, a corporation brought this suit against Jesse W. Wilson, alleged to be doing business as Wilson Oak Flooring Company, upon a verified account. The defendant answered under oath generally denying all the allegations of plaintiff's petition and particularly denied that he was indebted to plaintiff in any amount. Upon a trial before the court without a jury it was found that plaintiff's claim was liquidated and proved by a duly verified account, and judgment was granted for plaintiff for the amount of the account and attorney's fees. Wilson has appealed.

Appellant presents points urging that the court erred in admitting in evidence certain copies of invoices, ledger sheets and testimony concerning the reasonable value of the merchandise involved. Appellant further urges that the evidence was insufficient to establish the account sued upon and that the judgment is contrary to the great weight of the evidence; that even if it should be inferred that appellant Wilson personally agreed to pay the account in question that such agreement was unenforceable under the statute of fraud and that the court erred in overruling appellant's exceptions to appellee's petition.

■■ There is no showing in the record that appellant's exceptions were ever called to the attention of the court and overruled. They are therefore not properly before this court. Appellant's exceptions, even if it be assumed that they are properly before this court, are not well taken. Appellant excepted to appellee's petition on the ground that it was insufficient to apprise appellant of the materials which appellant was sup-

posed to have purchased. The exhibit attached to appellee's sworn petition purporting to set out copies of invoices of materials alleged to have been sold to appellant, described the material, gave the date on which they were sold and the amount due on each item. It is not shown that the description of the material was such that it could not be understood in the business or trade. The point is overruled. Hulme v. Levis-Zuloski Mercantile Co., Tex.Civ.App., 149 S.W. 781.

Appellant's points complaining of the admission of evidence are, likewise, not well taken. But, regardless of points concerning the alleged errors in the introduction of evidence the trial court properly rendered judgment against appellant. Appellee brought this suit against appellant upon a duly verified account as provided under Rule 185, Vernon's Texas Rules of Civil Procedure, supported by invoices, statement and a proper affidavit. Appellant answered, under oath, denying "each and every, all and singular the allegations in plaintiff's petition contained", and specifically denied that he was "indebted to plaintiff in any amount whatsoever." This verified answer by appellant constitutes only a general denial. It did not state that the account was unjust and set out the items and particulars which are unjust as required by Rule 93, V.T.R.C.P. It has been repeatedly held in this State that a verified answer to a suit upon a verified account is not sufficient to comply with the statute if it amounts to "only a general denial." Kost Furniture Co. v. Radio Equipment Co., Tex.Civ.App., 100 S.W.2d 162; Sessions Company v. W. A. Sheaffer Pen Company, Tex.Civ.App., 344 S.W.2d 180, (Ref. N.R.E.).

Even if it should be held that appellant's sworn denial was in compliance with Rules 185 and 93, supra, still no error is shown. It must be assumed that the court found every disputed fact in such a way as to support the judgment. Construction & General Labor Union, Local No. 688 v. Stephenson, 148 Tex. 434, 225

S.W.2d 958. It is held that a suit upon an open account may be proved by an admission on the part of the defendant that the account is due and owing and that a debtor's express or implied assent to the correctness of an account as submitted is sufficient to constitute a stated account. Peurifoy v. Hood Rubber Products Co., Tex.Civ.App., 59 S.W.2d 428; Davis v. Gilmore, Tex.Civ.App., 244 S.W.2d 671, (Writ Ref.). In the instant case it is undisputed that the material was furnished to Mountain Home contractors, a subcontractor on the job at Mountain Home Air Force Base, Mountain Home, Idaho. It also appears that there was evidence to the effect, and appellant admits, that he paid three prior small invoices on material furnished to Mountain Home contractors on the same job. Although appellant denies that he bought or agreed to pay for the material covered by the invoices sued upon the evidence shows that letters had been written to appellant demanding payment of the account, and that appellant on July 27, 1962, replied to such demand by a letter directed to appellee as follows:

Gentlemen:—

### Attention of Mr. D. Towner.

In connection with your letter of July 25, 1962, regarding account on material shipped to Mountain Home Air Force Base, Mountain Home, Idaho, please be advised that we have not received any funds from the prime general contractor there for our progress performed during May 15th to June 15th. The Trustee for these people in Beverly Hills, California, informed me some weeks ago, that the money would be paid us on the 15th of July, but after waiting so long with no funds from them, we called again yesterday and was informed that we would get our funds around the 10th of August.

We have notified them if we do not get them, we intend to file under the Miller Act, notifying the commanding Procurement officer and also their

Bonding Company. They owe us a considerable sum of money and we have been put out no little for this unreasonable delay.

We shall let you hear from us as soon as we get our funds or we hear from them as to their further definite intentions.

> Yours very truly,
> WILSON OAK FLOORING
> COMPANY
> (Signed by J. W. Wilson)."

It is undisputed that on August 29, 1962, Mr. Towner wrote a letter to appellant reminding him of his letter on July 27, 1962, in which appellant had stated that he should be receiving a check in full covering the work done at the Mountain Home Air Force Base in Mountain Home, Idaho, by August 10. Mr. Towner suggested that two additional weeks had expired and that appellant's check had still not been received and requested immediate payment of the sum of $990.65 as shown by the invoices. Appellant admitted receipt of this letter and stated that he sent it to California, (the location of Mountain Home contractors). But, appellant did not reply to appellee's letter. On October 19, 1962, the matter had apparently been turned over to American Credit Indemnity Company of Chicago because the record shows that on that date that company wrote a letter to appellant stating, in effect, that his account with Clarke Floor Machine Company was covered by their policy of credit insurance, and inquired if the account as stated was incorrect or if there was any reason why it should not be paid and suggested the willingness of the writer to attempt an amicable adjustment of the matter. Appellant admits that he did not reply to this letter.

In our opinion the prior dealing between the parties, the conduct of appellant and the above letter which he sent to appellee constitutes an implied admission on the part of appellant of the correctness of the account sued upon and of his obligation to pay same. Appellant's contention

that the evidence is insufficient to support the judgment is not well taken. We also hold, after an examination of the entire record, that the judgment is not against the great weight and preponderance of the evidence. Appellant's points are all overruled.

The judgment is affirmed.