**J. HOFERT COMPANY, Appellant,**

v.

**Edwin W. INMAN, Appellee.**

**No. 11503.**

Court of Civil Appeals of Texas.

Austin.

May 24, 1967.

Thompson, Roby & Puett, Van Thompson, Jr., Austin, for appellant.

Edwin W. Inman, Austin, for appellee.

HUGHES, Justice.

J. Hofert Company, appellant, sued Edwin W. Inman on a sworn account in the amount of $2,773.59 for Christmas trees sold and delivered to Mr. Inman. This account was verified as required by Rule 185, Texas Rules of Civil Procedure.

Appellee, who represented himself, filed an unsworn answer which we copy in full:

"Now comes Edwin W. Inman, who resides at 907 Mansell St., Austin, Texas, hereinafter called Defendant, who for the purpose of denial, and for cause of action herein be stopped, of party J. Hofert Co., hereinafter called Plaintiff, and for cause of action stopped, would respectfully show the Court as follows:

I.

That heretofore, that the allegations of paragraph I inclusive has no dates, of delivery, or signed invoices of merchandise received, nor, as to agreement.

II.

Deny the allegations were reasonable in the worth of any date they were sold to anyone.

III.

I deny that there is a balance due owing to Plaintiff of any amount.

IV.

I deny that Plaintiff presented this claim to me more than 30 days prior to the filing of this suit.

Wherefore, premises considered, Defendant prays the Court, that Plaintiff be estopped in final hearing hereof, and Defendant be granted relief of any legal false claims made by Plaintiff."

During the course of the trial, the trial court gave appellee the opportunity to swear to this answer, but the offer was declined.

The trial court rendered judgment for appellant for the sum of $1,000.00.

■ There is no basis in law or in fact for the judgment rendered.

In the absence of a sworn written denial by appellee, as required by Rule 185, T.R. C.P., appellee could not deny the claim of appellant. For the benefit of appellee, we will quote from Collins v. Kent-Coffey Manufacturing Company, 380 S.W.2d 59, Tex.Civ.App., Eastland, writ ref., an exceedingly clear statement of the well settled law which precludes any relief being granted to him:

"Appellee's suit was upon an open account, verified in accord with Texas Rules of Civil Procedure, rule 185. Appellant's answer was not sworn to. Appellant's position is that the allegations of his unverified answer raised issues of fact as to whether a portion of the account was lawfully chargeable to him and whether he was entitled to an offset to said account by reason of damage to the merchandise delivered to him. Rule 185 provides that when an action is founded upon an open account for merchandise, supported by affidavit of the plaintiff that such claim is within his knowledge just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the defendant files a written denial, under oath, stating that such claim is not just or true, in whole or in part, and if in part only, stating

the items and particulars which are unjust. 'When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein * * *'. Appellant, having failed to 'file such affidavit', as required by Rule 185, he could not deny appellee's claim and there was no genuine issue of material fact as to whether appellant was lawfully chargeable with a portion of the account or whether he was entitled to the alleged offset."

From a factual point of view, appellee testified that he ordered the trees from appellant, that he inspected the trees upon arrival in Austin, that he accepted them and has made no payment for them.

Mr. Inman did testify that the trees were in a "deplorable" and "burned" condition when received and that after the unsold trees were sent to the city dump that a representative of appellant examined them and stated that he thought the freight car door must have opened while the trees were in transit which let in air and caused needle burn.

Mr. Inman received about $800 from sales of the trees purchased.

There is no evidence of the number of trees which were "burned," nor is there any evidence of the amount of diminution in market value of the trees. That they had some market value is shown by the sales made.

■ Factually speaking, there is no evidence from which the trial court could find that appellee owed only $1,000.00 on the $2,773.59 account.

The judgment of the trial court is reversed and judgment is rendered for appellant for the sum of $2,773.59 with interest at the rate of 6% per annum from July 27, 1966, until paid.

Reversed and Rendered.