**Jim KING, Ind. and d/b/a Jim King Service Company, Appellant,**

v.

**UNITED DISTRIBUTING OF TEXAS, INC., Appellee.**

**No. 17536.**

Court of Civil Appeals of Texas, Dallas.

Jan. 29, 1971.

Bill R. Jones, Mesquite, for appellant.

John A. Daniel, Schroeder, Guest & Hoffmeyer, Dallas, for appellee.

BATEMAN, Justice.

Appellee sued on open account, verified pursuant to and in compliance with Rule 185, Vernon's Texas Rules of Civil Procedure, and when the defendant answered by general denial only appellee moved for summary judgment pursuant to Rule 166–A, T.R.C.P. The defendant then amended his answer to include certain affirmative defenses. This amended answer was sworn to by the defendant's attorney "to the best of his knowledge and belief." Appellee's motion for summary judgment was sustained.

The defendant says on appeal that this judgment should be reversed because: (1) his *pleadings* were sufficient to destroy the prima facie proof of appellee's case and to require proof thereof by a preponderance of the evidence, and (2) appellant's *pleadings* of affirmative defenses in the nature of confession and avoidance were sufficient to defeat the motion for summary judgment. We do not agree with appellant and overrule both points.

Appellee having verified its account in compliance with Rule 185, T.R.C.P., was entitled to judgment thereon in the absence of "a written denial, under oath, stating that such claim is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust; * * *." Appellant's pleading did not comply with this rule. His attorney does not purport to swear to the truth of the matters alleged in the pleading, but only that such allegations are true "to the best of his knowledge and belief." This is not sufficient compliance with Rule 185, T.R.C.P., to put appellee on proof of its claim. Guay v. Schneider, Bernet & Hickman, 341 S.W.2d 461 (Tex.Civ.App., Waco 1960, writ ref'd n. r. e., 161 Tex. 560, 344 S.W.2d 429).

Appellant offered no summary judgment evidence but contends that merely by *pleading* certain affirmative defenses he saddled appellee with the burden of negativing the validity of such defenses. It is of course true that a movant for summary judgment assumes the burden of showing the absence of any genuine issue of material fact and that he is entitled to judgment as a matter of law. Great American Reserve

Ins. Co. v. San Antonio Pl. Supply Co., 391 S.W.2d 41 (Tex.1965). But this burden is discharged when the movant introduces summary judgment evidence establishing the right to judgment, and such right will not be denied merely because of the *pleading* of matters which, if proved, would require the rendition of a different judgment. Gulf, Colorado & Santa Fe Railway Co. v. Mc-Bride, 159 Tex. 442, 322 S.W.2d 492, 500 (1958); Hudnall v. Tyler Bank and Trust Co., 458 S.W.2d 183, 185 (Tex.1970); Molsen v. Compania Industrial, 394 S.W.2d 271 (Tex.Civ.App., Waco 1965, no writ); Akins v. Coffee, 376 S.W.2d 953 (Tex.Civ.App., Dallas 1964, writ dism'd); Great American Reserve Ins. Co. v. San Antonio Pl. Supply Co., supra.

The affidavit attached to the account sued on met the requirements of both Rules 185 and 166–A, T.R.C.P., and we know of no reason why it should not serve such dual purpose.

Affirmed.