**SPACE CITY CONSTRUCTION COM-
PANY, Appellant,**

v.

**GIFFORD–HILL & COMPANY, Inc.,
Appellee.**

**No. 15778.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 10, 1971.

Tabor & Ray, M. Jack Tabor, Houston, for appellant.

Robert H. Singleton, Houston, for appellee.

PEDEN, Justice.

Suit on a sworn account. Appeal from an order granting the plaintiff's motion for summary judgment and denying relief to the defendant on its counterclaim.

Gifford-Hill sued Space City for the sale and delivery of a number of orders of ready-mix concrete, attaching to its petition a copy of each invoice sued upon and an affidavit executed by its area sales manager in conformity with the provisions of Rule 185, Vernon's Ann. Texas Rules of Civil Procedure, stating:

"BEFORE ME, the undersigned authority, on this day personally appeared H. W. GRAY, who being by me duly sworn upon oath says that he is the Area Sales Manager of Gifford-Hill & Company, Inc., a corporation duly organized and existing under the laws of the State of Texas and having its offices and place of business at 6400 Southwest Freeway in Houston, Harris County, Texas; that the claim alleged in the foregoing petition in favor of Gifford-Hill & Company, Inc. against Space City Construction Company, including Exhibit 'A' attached thereto is within the knowledge of said affiant just and true, and that same is due, and that all just and lawful offsets, payments and credits have been allowed."

In December, 1970, when the judgment in this cause was entered, Rule 185 provided that when a proper affidavit had been filed by the claimant in a suit on a sworn account, the same "shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that such claim is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust; provided, that when such counteraffidavit shall be filed on the day of the trial the party asserting such verified claim shall have the right to postpone such cause for a reasonable time. When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be. * * * *"

The total of the items listed in the invoices amounted to $4,375.80, and the plaintiff prayed for interest plus attorney's fees of $1,000. Space City answered by unsworn general denial and an allegation that Gifford-Hill had failed to properly pour and cure the concrete and had pumped air into it against Space City's specific instructions not to do so.

Space City, the defendant-appellant, later filed an unsworn counterclaim alleging that certain specified concrete delivered by Gifford-Hill to Space City's construction site was pumped from the concrete trucks into Space City's forms through a concrete pump, and in order to do this Gifford-Hill had, at its discretion, caused entrained air to be added to the concrete without the knowledge or consent of Space City. That

this entrained air made the concrete unworkable and made it necessary for Space City to repair the foundations into which the concrete had been pumped; such repairs were made necessary by Gifford-Hill's "misrepresentations and negligence" and caused Space City to be damaged in the amount of $4,659.87. Space City further alleged that Gifford-Hill had filed a materialman's lien against its property, requiring Space City to post a cash bond on which it had to pay interest. That Gifford-Hill knew the concrete had been tested and reported to be of substandard quality, so its filing the lien constituted harassment, entitling Space City to recover $750. for its attorney's fee in removing the cloud on its title. The plaintiff answered by general denial.

The appellant filed written replies to the appellee's interrogatories admitting that it had ordered and received all but two of the items listed in the appellee's account and that as to the other items the invoice prices were correct.

The appellee then moved for summary judgment on the grounds:

"That the pleadings, attached affidavit and replies to interrogatories on file herein establish that there is no genuine issue as to any material fact relating to liability of Defendant, Space City Construction Company, to Plaintiff as prayed for by Plaintiff in its Original Petition, and that Plaintiff is entitled to judgment as prayed therein as a matter of law."

The appellee waived its claim for the two contested items and for an attorney's fee.

The trial court granted Gifford-Hill's motion for summary judgment in the amount of $4,335.76 and ruled that as a matter of law Gifford-Hill was entitled to be discharged from any liability under Space City's cross petition.

Space City's points of error are that the trial court erred in granting summary judgment for the appellee, because 1) the appellant's counterclaim on file in the cause raised substantial fact issues, 2) such counterclaim presented facts which would justify an amendment of the pleadings and 3) the appellee's motion for summary judgment had not asked that appellant's counterclaim be disallowed.

■ We affirm the judgment of the trial court. Collins v. Kent-Coffey Manufacturing Co., 380 S.W.2d 59 (Tex.Civ.App. 1964, writ refused), was a suit on a sworn account for some furniture. The defendant's unsworn answer asserted, in addition to another defensive matter, an offset for damage to the furniture delivered to him. In appealing from the granting of a summary judgment against him, the defendant contended that his unsworn answer raised a fact issue as to whether he was entitled to an offset to the account by reason of damage to the merchandise delivered to him. The court recited the provisions of Rule 185 and held that the appellant, having failed to file the affidavit required by Rule 185, could not deny appellee's claim and there was no genuine issue of material fact as to whether appellant was entitled to the alleged offset. The appellant having failed to verify his allegations, a summary judgment for the appellee was properly rendered.

The appellee in that case showed that there was no genuine issue as to any material fact and that it was entitled to a judgment as a matter of law, as required by Gibbs v. General Motors, 450 S.W.2d 827 (Tex.1970).

There can be no doubt that as to Space City's unsworn answer the holding in Collins v. Kent-Coffey, supra, is controlling, and we hold that the unsworn allegations as to damage or defects in the concrete contained in the counter-claim amount only to the assertion of an offset and thus are also within the ambit of the Collins case. See also the recent cases of J. Hofert Co. v. Inman, 416 S.W.2d 461 (Tex.Civ.App. 1967, no writ) and King v. United Distributing of Texas, Inc., 463 S.W.2d 456 (Tex. Civ.App.1971, no writ).

Appellant's allegation of harassment in the filing of the materialman's lien and its prayer for interest on its cash bond and for attorney's fees based thereon were also properly denied by the trial court. The appellant admits that it has no complaint as to much of the concrete delivered by the appellee, yet it refuses to pay for any of it. The appellee was within its rights in perfecting its statutory materialman's lien and as a matter of law was entitled to do so. Yelton v. Bird Lime & Cement Co., 161 S.W.2d 353 (Tex.Civ.App.1942, writ ref. w. m.). We find no basis for recovery of an attorney's fee by Space City by reason of the filing of the materialman's lien.

By its affidavit Gifford-Hill verified its statement that all just and lawful offsets, payments and credits have been allowed. Rule 185 provides that the claim then becomes prima facie evidence thereof in the absence of a sworn denial in specified form. The party resisting summary judgment cannot rely on unsworn pleadings alone to support an affirmative defense. Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.1970); Gulf, Colorado & Santa Fe Ry. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958).

The holding in Collins v. Kent-Coffey Manufacturing Co., supra, is also dispositive of the appellant's second point of error, and we do not find any facts alleged in the counter-claim which render the position of the moving party untenable. Writ of error was unqualifiedly refused in the Collins case after our Supreme Court decided Womack v. Allstate, 156 Tex. 467, 296 S.W.2d 233 (1956), a case relied on by the appellant in support of its second point.

Appellant contends in its remaining point of error that the trial court should not have ruled against it on the counter-claim because the appellee did not request such relief in its motion for summary judgment. We have stated that we consider the allegations in Space City's counterclaim of defects or damage to the concrete to amount to assertion of an offset and that Gifford-

Hill had a right to file its materialman's lien. Further, as we noted, in its motion for summary judgment Gifford-Hill stated:

" * * * that there is no genuine issue as to any material fact relating to liability of the Defendant, Space City Construction Company, to Plaintiff as prayed for by Plaintiff in its Original Petition, and that Plaintiff is entitled to judgment as prayed therein as a matter of law."

In its original petition the plaintiff's prayer included: " * * * and for such other and further relief, both general and special, at law and in equity to which plaintiff may be justly entitled."

We conclude that this prayer is broad enough to include the trial court's ruling on the appellant's counterclaim under the facts in this case.

Affirmed.