**A. G. SOLAR, Individually and d/b/a A. G. Solar Leasing Company, Appellant,**

**v.**

**Bert PETERSSON et al., Appellees.**

**No. 617.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 17, 1972.

Charles H. Morgan, Houston, Brian A. Eberstein, McLeaish & Eberstein, Dallas, for appellant.

William M. Coats, John G. Underhill, III, Wilson & Guest, Houston, for appellees.

BARRON, Justice.

This is a summary judgment case. Appellees' partnership, an insurance agency, provided insurance coverage for vehicles owned and operated by appellant's leasing agency. This suit was brought to collect sums allegedly owed for premiums on those policies. Attached to appellees' motion for summary judgment was an affidavit of Howard G. Marquis, a salesman for the insurance agency. The affidavit bore with it copies of itemized statements and accounts receivable ledgers. After appellees waived their claim for attorney's fees the trial court granted their motion for summary judgment on September 9, 1971.

Appellant directed a telegram to the trial court which was filed with the District Clerk on September 16, 1971. In the telegram appellant requested that the summary judgment be set aside. On September 21, 1971, appellant filed a formal motion to set aside the summary judgment. The latter motion, filed on the 12th day following rendition of judgment, was denied by the court. Appellant's notice of appeal bears no date, but his cost bond was filed on November 10, 1971, and his transcript was received December 13, 1971, and ordered filed on January 5, 1972.

Two points of error are now advanced by appellant to overturn the summary judgment against him. Both pertain to the affidavit of Howard G. Marquis. The first charges that the affidavit "merely adopted the pleadings of the Appellee," whereas the second point charges that the statements attached to the affidavit were not prepared by the affiant or under his supervision, were not originals, and were not certified as accurate by the custodian of such records.

Appellees counter with three points, the first entitled "Jurisdictional Point". This and the first counterpoint complain of (1) the tardiness of appellant's notice of appeal, cost bond, and transcript and (2) the legal sufficiency of appellant's denial of the accuracy of the sworn account, found in the original answer. The second counterpoint responds to appellant's two points of error regarding appellees' summary judgment affidavit.

■ Appellees' jurisdictional point is not well founded. Appellees are incorrect in contending in their brief that the periods during which the notice of appeal, cost bond and transcript are to be filed must be counted starting from the date of judgment. Those periods may also be counted from the date of the order overruling appellant's motion for new trial. Tex.R.Civ.P. 353, 356 and 386. This is so even if the particular case is, as here, one in which, under Rule 324 Tex.R.Civ.P., a motion for new trial is not a prerequisite for appeal. See, e. g., Park v. Essa Texas Corporation, 158 Tex. 269, 311 S.W.2d 228 (1958). The Supreme Court has held that in a summary judgment case where, as here, choosing the date of judgment would have rendered the bond and transcript too late, the time for taking the appellate steps (see Rules 325, 356 and 386) began to run from the overruling of the motion for new trial. Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.Sup.1970).

■ Appellant filed on September 21, 1971, a formal motion entitled "Motion to Set Aside Summary Judgment". The filing of this motion, coming as it did 12 days subsequent to the rendition of summary judgment, occurred beyond the mandatory period within which a motion for new trial is to be filed. See Tex.R.Civ.P. 329b (1). However, we believe that appellant's telegram filed September 16, 1971, is in sufficient compliance with Tex.R.Civ.P. 320 and 321 so as to suffice as a motion for new trial. That telegram reads:

"HON JUDGE 11TH JUDICIAL DISTRICT
HARRIS COUNTY COURTHOUSE HOU
CASE 83,064 PETERSSON-HILLIARD VS. A. G. SOLAR, RESPECTIFULLY (sic) REQUEST MOTION FOR SUMMARY JUDGEMENT (sic) BE SET ASIDE AS I WAS NOT ADVISED OF DATE OF HEARING ALSO HAVE DOCUMENTARY EVIDENCE TO DISPORVE (sic) CLAIM BY PLAINTIFF. RESPECTFULLY REQUEST TRAIL (sic) DATE BE SET AT YOUR DIRECTION. A. G. SOLAR. 838,064.(1020)".

The telegram is in writing and specifies the grounds upon which it is founded. The "signature" of appellant under the circumstances is sufficient. See W. C. Turnbow Petroleum Corporation v. Fulton, 145 Tex. 56, 194 S.W.2d 256 (1946). Moreover, while the specific language in the telegram requests that the "motion for summary judgment be set aside", we think it is undeniable that appellant was asking the trial court to set aside the final judgment granting the motion for summary judgment, dated September 9, 1971.

On October 12, 1971, the trial court signed an order overruling appellant's "Motion to Set Aside Summary Judgment." We see no reason why that order can not be applied to the telegram. Appellant's later motion filed September 21, 1971, simply reduced to more conventional form the motion embodied in the telegram. It restates, with embellishment, the grounds advanced in the telegram and asks for a rehearing.

An affidavit of appellant's attorney appears in the record and fixes the filing date of appellant's undated notice of appeal as October 6, 1971. This affidavit is unchallenged. It is immaterial that the notice of appeal pre-dated the order overruling the motion for new trial. Tex.R.Civ.P. 306c. Appellant's bond, filed November 10, 1971, and his transcript, in view of this

Court's extension of time in which to file, were submitted respectively in compliance with Rules 356 and 386, Tex.R.Civ.P., calculating from the date on which appellant's motion for new trial was overruled. Thus this Court has jurisdiction of the appeal.

■ Before responding to appellant's attack on the affidavit attached to the motion for summary judgment, appellees challenge the legal sufficiency of appellant's denial of the accuracy of the account required by Tex.R.Civ.P. 185. That Rule provides, in part, that in a suit upon a sworn account the defendant must file a verified answer,

" . . . stating that each and every item is not just and true, or that some specified item or items are not just and true . . . ".

If a defendant files an answer not in compliance with Rules 93(k) and 185, he will not be permitted to deny the plaintiff's claim or any item therein. Collins v. Kent-Coffey Manufacturing Company, 380 S.W.2d 59 (Tex.Civ.App.–Eastland 1964, writ ref'd). A denial of a verified account must be in the terminology of Rule 185 and courts are extremely exacting in the nature of the language used in sworn denials of such accounts.

■ We think that appellant's sworn denial suffers from two fatal defects. First, it does not effectively trace the language of Rule 185, Tex.R.Civ.P., as amended, effective January 1, 1971. That denial is in the following form:

"Further answers, if the same be necessary, Defendant states that the account, which is the foundation of Plaintiff's action is wholey (sic) not just and true, and without waiving the denial of the whole of said account but insisting thereon, Defendant shows that said account is not just and true in the following to-wit: no credit was given Defendant for vehicles dropped from said contract of insurance during the year of 1969, and further, De-fendent (sic) has not been given credit for all payments made on the said account."

■ The statement that the account is "wholly not just or true" is nothing more, in effect, than a sworn general denial and clearly is inadequate. See, e. g. Duncan v. Butterowe, Inc., 474 S.W.2d 619 (Tex.Civ. App.–Houston (14th Dist.) 1972, no writ). Moreover, the reference to failure to credit appellant for vehicles dropped from the contract in 1969 and for payments previously made are too general to be considered as specifying an "item or items (which) are not just and true". For example, appellant's pleading does not specify what automobiles or how many of them were returned during 1969, nor does it reveal what payments were made, in what amounts they were made, or when they were made. When a denial questions a part of the items in a sworn account those items "must be set forth in intelligible detail." 2 McDonald, Texas Civil Practice, sec. 7.31, at 241 (1970). Appellant's denial fails to set forth individual items, much less in detail.

■ Even if appellant's plea that he was not allowed credit for certain deleted items and *payments* could be treated as a plea of confession and avoidance, an affirmative defense, there is no summary judgment evidence to support it. If proof were submitted in support of that affirmative defense it would preclude summary judgment for appellees. However, the record discloses no evidence of cars dropped from coverage or payments made to appellees. The mere pleading of an affirmative defense, in the nature of confession and avoidance, to a verified pleading seeking recovery on an open account is not sufficient to generate a genuine issue of material fact so as to preclude summary judgment. King v. United Distributing of Texas, Inc., 463 S.W.2d 456 (Tex.Civ.App.–Dallas 1971, no writ). And see Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1958).

**216**

■ Even if the latter portion of appellant's sworn denial could possibly be held to comply with the language found in Rule 185, its verification is rendered meaningless by its alternative character. In Golub v. Nelson, 441 S.W.2d 220 (Tex.Civ.App.–Houston (14th Dist.) 1969, no writ) plaintiffs sued on an account for goods and services furnished to defendants. Defendants answered with (1) a general denial, (2) a plea that plaintiff failed to allow them certain unspecified credits and offsets, and (3) an allegation that the claimed account was "not just or true, in whole or in part". The Court there held that a purported verification of two or more alternative allegations does not meet the requirement that a verified pleading must be positive and unequivocal and is therefore ineffective.

■ Appellees' original petition is accompanied by a systematic record of their account with appellant. That record is supported by the affidavit of "a duly authorized agent of Petersson-Hilliard & Associates", Mr. Earl Mueller, in which that affiant states (1) that the attached account is just and true within his knowledge, (2) that the account is owing, and (3) that all just offsets, payments and credits have been allowed. These elements are sufficient to constitute prima facie evidence of the open account sued upon under Rule 185. Thus, in the absence of an effective verified denial by appellant, the granting of summary judgment to appellees was proper. See Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup. 1971); Tunks, Texas Summary Judgment Practice, 1 S.Tex.L.J. 1, 4 (1971).

In light of the above we deem it unnecessary to consider appellant's complaints as to the sufficiency of the affidavit in support of appellees' motion for summary judgment. The judgment of the trial court is affirmed.