Benny GOODMAN, Appellant,

v.

**ART REPRODUCTIONS CORPORATION,**
Appellee.

No. 18141.

Court of Civil Appeals of Texas,
Dallas.

Nov. 1, 1973.

Supplemental Opinion Nov. 8, 1973.

Rehearing Denied Nov. 29, 1973.

Benny Goodman, pro se.

Harold E. Vanberg, Jr., Law Office of David Witts, Dallas, for appellee.

BATEMAN, Justice.

Our former opinion is withdrawn and the following substituted therefor.

Benny Goodman appeals from a summary judgment rendered against him on a sworn account. He challenges the correctness of the summary judgment on the ground that he had alleged under oath that the merchandise had not been delivered to him. Appellee contends that appellant's answer is insufficient to overcome the prima facie case made by the sworn account. We agree with this contention.

Texas Rules of Civil Procedure 185, as amended effective January 1, 1971, is in pertinent part as follows:

"When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, *on which a systematic record has been kept,* and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath. stating *that each and every item is not just or true, or that some specified item or items are not just and true;* \* \* \*. When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be." (Italics ours.)

Tex.R.Civ.P. 93(k) was amended also, effective January 1, 1971, to harmonize with the amended Rule 185.

Several courts of civil appeals have held that Rule 185 as amended must be strictly followed, that "the failure to file such an answer is fatal," and that the courts "have been extremely exacting in the nature of the language used in sworn denials of verified accounts." See McDonald v. Newlyweds, Inc., 483 S.W.2d 334, 337 (Tex. Civ.App.—Texarkana 1972, writ ref'd n. r. e.); Duncan v. Butterowe, Inc., 474 S.W. 2d 619, 620 (Tex.Civ.App.—Houston 14th Dist. 1971, no writ); Solar v. Petersson, 481 S.W.2d 212, 215 (Tex.Civ.App.—Houston 14th Dist. 1972, no writ).

Appellant argues that appellee waived any defects in appellant's answer

by not complying with Tex.R.Civ.P. 90. This rule by its express terms provides only for waiver by "the party seeking reversal." Its purpose is to prevent reversal on technical grounds. When in a suit on sworn account the defendant fails to deny the account under oath in the language prescribed by Rule 185, he cannot escape the consequences of such failure by resorting to Rule 90 and saying the plaintiff waived the right to assert the inadequacy of his denial. Butler, Williams & Jones v. Goodrich, 306 S.W.2d 798, 802 (Tex.Civ. App.—Houston 1957, writ ref'd n. r. e.). *But see* Texas Indemnity Ins. Co. v. Watson, 207 S.W.2d 99, 100 (Tex.Civ.App.— Galveston 1947), rev'd on other grounds, 147 Tex. 40, 210 S.W.2d 989 (1948).

■ Although his briefs contain no point of error directing our attention to the matter, as required by Tex.R.Civ.P. 418, appellant argues that the record contains neither pleading nor proof that a systematic record has been kept of the account sued on. We do not agree with this contention. First, with respect to the failure of appellee to plead this fact, appellant must be held to have waived the right to object to this and other defects, if any, in appellee's pleading by his failure to point them out by motion or exception in writing brought to the attention of the trial judge, as required by Tex.R.Civ.P. 90. Wilson v. Clarke Floor Machine Co., 380 S.W.2d 768, 769 (Tex.Civ.App.—Eastland 1964, no writ).

■ We next consider whether the record shows that this account was based upon a systematic record. The account attached to the petition consists of copies of invoices and a recapitulation sheet. While the photographic reproductions of some of the pages are not as readable as we would prefer, appellant does not contend that they failed to apprise him of the nature and details of the account. In our opinion, the account as a whole shows, at least prima facie, that a systematic record was kept

of the dates of sales, description of the items sold, and the prices thereof. Wilson v. Clarke Floor Machine Co., 380 S.W.2d 768, 770 (Tex.Civ.App.); Williamsburg Nursing Home, Inc. v. Paramedics, Inc., 460 S.W.2d 168, 169 (Tex.Civ.App.—Houston 1st Dist. 1970, no writ). *Compare* Morrow v. McDaniel, 70 S.W.2d 329, 332 (Tex.Civ.App.—Beaumont 1934, no writ).

We hold, therefore, that under the record presented to us the account and affidavit supporting it were sufficient to support the summary judgment, except for the matter of attorney's fee.

■ Appellant attacks the award of an attorney's fee of $800 in the judgment as being without support in the summary judgment evidence. We sustain this point. It is recited in the judgment that the trial court examined the pleadings and evidence together with the motion for summary judgment, but there is no summary judgment evidence in the record bearing upon the reasonableness of the fee. See Smith v. Davis, 453 S.W.2d 340, 347 (Tex.Civ. App.—Fort Worth 1970, writ ref'd n. r. e.).

Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1973) is in pertinent part as follows:

"Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, * * * or suits founded upon a sworn account or accounts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees.

The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence."

We have examined this fee schedule and it appears therefrom that the amount of the suggested minimum fee in a commercial case depends on whether the attorney is working on a contingent fee basis. If not, a fee of 16⅔% of the amount involved is suggested, with or without the filing of suit, and 20% if an appeal is perfected from the judgment of the trial court. Higher fees are suggested if the attorney is working on a contingent fee basis. The record is silent on the question of whether the attorneys were employed on a contingent or non-contingent fee basis. It likewise fails to reveal whether the trial court based the award of the fee on the State Bar schedule or possibly something found in "the case file." We therefore hold that the court erred in awarding the attorney's fee of $800. Audiomedia, Inc. v. Rollins Outdoor Advertising, Inc., 477 S.W.2d 370, 375 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.).

We do not wish to be understood as holding that a fee assessed against the defendant under article 2226 may be the higher amount that would be reasonable under a contingent fee contract between plaintiff and its attorney, since the question is not before us.

The judgment is reversed on the sole ground that the attorney's fees are excessive. If appellee shall remit $800 of the judgment within ten days from the date hereof the judgment will be affirmed. Tex.R.Civ.P. 440.

Reversed and remanded with suggestion of remittitur.

## SUPPLEMENTAL OPINION

The appellee has timely filed a remittitur in writing of $800, as suggested in our opinion of November 1, 1973. Therefore, the judgment of the trial court is affirmed for the sum of $3,412.27, with interest and costs as therein decreed.