**Roy E. YOUNGBLOOD, Appellant,**

v.

**CENTRAL SOYA COMPANY, INC.,
Appellee.**

**No. 17599.**

Court of Civil Appeals of Texas,
Fort Worth.

April 4, 1975.

Rehearing Denied May 9, 1975.

Zbranek, Friend & Hight, and C. T. Hight, Liberty, for appellant.

Shannon, Gracey, Ratliff & Miller, and Eugene J. Dozier, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by the defendant, Roy E. Youngblood, from a summary judgment that was rendered against him.

Central Soya Company, Inc., plaintiff, sued Youngblood to recover the balance due on a promissory note, to foreclose a lien that secured payment of that note, to recover the balance that was allegedly due plaintiff by defendant on an open account, and to foreclose a lien on certain property, which lien was given to secure the sums due on the open account.

Plaintiff's suit on the open account was brought in the form of a suit on a sworn account as provided for by Rule 185, Texas Rules of Civil Procedure. The open account grew out of a series of purchases of chicken feed that Youngblood bought from the plaintiff.

Youngblood alleged in his answer that plaintiff began to charge him, starting in April, 1971, for the chicken feed, prices in excess of the market value of that type chicken feed, and that this practice continued until plaintiff had charged him over $10,000.00 in excess of the market value of the feed that defendant had purchased. Defendant alleged that when plaintiff first started charging him excessive prices for the feed he objected and that plaintiff's agents then told him that if he did not keep on buying feed from plaintiff that they would follow him on his egg route

and advise his customers that they had a lien on the proceeds from his egg sales and thus interfere with his business and break him financially. He alleged that he believed these threats and because of them kept on buying feed from defendant until they had unlawfully charged him over $10,000.00 in excess of the market value of the feed he purchased from plaintiff. Youngblood asked that this $10,000.00 in excess charges be offset against the sums that he still owed plaintiff on the account.

In paragraph 5 of defendant Youngblood's answer he further alleged that plaintiff's conduct in forcing him to buy feed from it was unlawful and willful, and that he was therefore entitled to recover $5,000.00 in punitive damages from plaintiff and to have that sum set off against the amount that he owed to plaintiff. His answer stated that he made the allegations in this paragraph 5 by way of cross-action.

The trial court entered an order severing from plaintiff's suit on the sworn account plaintiff's suit against defendant on the note and the defendant's cross-action. He placed the last two mentioned matters in a separate case and gave that severed case a new docket number. The court then rendered for plaintiff and against defendant a summary judgment on the open account for $13,535.74, plus interest, and also ordered foreclosed the lien plaintiff had on defendant's property securing the open account.

This is the summary judgment that defendant, Youngblood, is appealing from.

Defendant's appeal is based on two points of error.

In his first point of error he contends that the court erred in granting the summary judgment on the open account because an issue of fact was raised by the pleadings, affidavit and testimony before the court.

His argument under this general point of error is that his answer alleging that plaintiff had overcharged him for the feed, together with his affidavit wherein he swore

to those facts, established a fact issue which made it legally improper to render a summary judgment against him on the open account.

We overrule this point of error.

■ Plaintiff's action was founded upon an open account supported by affidavit as provided for in Rule 185, T.R.C.P. That rule provides: ". . . the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, . . . file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; . . . ."

The part of Youngblood's answer by which he undertook to deny the account that plaintiff sued on was Paragraph 6 thereof which contained the following allegation: ". . . the account made the basis of Plaintiff's suit is not just and true in that the Plaintiff has charged the Defendants a price in excess of the reasonable market value of the feed that it furnished . . . ." Youngblood then made oath at the end of his answer and cross-action stating, ". . . the above Defendants' First Amended Original Answer is true and correct."

Youngblood's pleading, which is next above set out, did not deny under oath "that each and every item is not just or true, or that some specified item or items are not just and true" as is required by Rule 185, T.R.C.P.

Because Youngblood's sworn denial was not in compliance with Rules 185 and 93(k), T.R.C.P., he could not at the summary judgment hearing deny the plaintiff's claim or any item thereof. He was in the same position, as to the sworn account, that he would have been in if he had filed no denial at all.

■ In order for the sworn denial required by Rule 185 to have any effect it must comply with the language of that rule. Duncan v. Butterowe, Inc., 474 S. W.2d 619 (Houston Civ.App., 14th Dist.,

1971, no writ hist.) ; Solar v. Petersson, 481 S.W.2d 212 (Houston Civ.App., 14th Dist., 1972, no writ hist.) ; Goodman v. Art Reproductions Corporation, 502 S.W. 2d 592 (Dallas Civ.App., 1973, writ ref., n. r. e.).

Since defendant did not plead a sworn denial of the account in the form required by Rules 185 and 93(k), there was no issue of fact involved in the case as to whether defendant did not owe all or a part of the account, or as to whether he was entitled to the alleged offset. Summary judgment was therefore properly rendered in favor of plaintiff on the sworn account action. Collins v. Kent-Coffey Manufacturing Company, 380 S.W.2d 59 (Eastland Civ. App., 1964, writ ref.) ; Space City Construction Co. v. Gifford-Hill & Co., 468 S. W.2d 897 (Houston Civ.App., 1st Dist., 1971, no writ hist.) ; J. Hofert Company v. Inman, 416 S.W.2d 461 (Austin Civ.App., 1967, no writ hist.) ; and Solar v. Petersson, supra.

Defendant's second point of error is that the court erred in granting the summary judgment on the open account at a time when defendant had on file in the case a cross-action on matters that arose from the same transaction and which were an offset and counterclaim to the open account suit.

His contention in arguing the point is simply that a trial court cannot legally grant a summary judgment in favor of a plaintiff in a case wherein the defendant has on file therein a cross-action against the plaintiff and that he had a cross-action on file in the case at the time the summary judgment was granted.

We overrule the point and defendant's argument in support of it.

Rule 166–A, T.R.C.P., gives to trial courts the right to render summary judgment in favor of the moving party upon all or any part of the case.

So under the express provisions of that rule it is apparent that the mere filing of a cross-action will not in and of itself in all cases prevent the trial court from granting a summary judgment on all or a part of the case.

The action of a trial court in rendering a summary judgment on a plaintiff's case and in severing out of that action the cross-actions and third party actions that were also involved has been upheld in the following Texas cases : Pure Oil Company v. Fowler, 302 S.W.2d 461 (Dallas Civ. App., 1957, writ ref., n. r. e.), and Hayes v. Norman, 383 S.W.2d 477 (Corpus Christi Civ.App., 1964, writ ref., n. r. e.).

Trial courts are vested with large discretion as to whether or not to sever and have separate trials of causes of action. See Rule 41, T.R.C.P., and Pure Oil Company v. Fowler, supra.

In this case if the defendant had any complaint at all it was to the trial court's ruling ordering the severance. But defendant has never objected to that ruling and has no points on this appeal complaining of the severance.

The record here shows that on the same day that the trial court rendered the summary judgment against defendant on the sworn account action he also rendered a separate order severing plaintiff's cause of action on the note and defendant's cross-action claiming an offset against plaintiff from the cause of action on which the summary judgment was granted. The order gave each of those two matters separate docket numbers.

When the court severed the cross-action out of the case this left the matter before the court the same, in so far as the sworn account action is concerned, as if no cross-action was ever filed.

This being true, the plaintiff's second point of error is without merit, because the premise upon which that point is based is that the summary judgment was granted at a time when defendant had on file in the case a cross-action.

The judgment is affirmed.