OLIVER BASS LUMBER COMPANY, INC., Appellant,

v.

KAY AND HERRING BUTANE GAS COMPANY, INC., Appellee.

No. 818.

Court of Civil Appeals of Texas, Tyler.

May 29, 1975.

Sallas, Griffith & Meriwether, Gus E. Meriwether, Crockett, for appellant.

Granberry & Hines, F. P. Granberry, Crockett, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a summary judgment which was granted in favor of plaintiff-appellee Kay and Herring Butane Gas Company, Inc., against defendant Oliver Bass Lumber Company in an action based upon a sworn account. The parties will be referred to as they appeared in the trial court.

Plaintiff brought suit on a sworn account against defendant for $1,991.25, the value of 22,125 gallons of propane, which plaintiff allegedly sold defendant during March, 1972. Defendant filed verified pleadings which included its original answer and a cross-action. In addition to defendant's general denial it specially denied that:

(1) Plaintiff delivered all of the propane mentioned in its original petition,

(2) Plaintiff delivered 22,125 gallons of propane because plaintiff could not have delivered in excess of 19,130 gallons of propane during March, 1972, and

(3) Defendant owes plaintiff the sum of $1,991.25 for propane delivered during March, 1972, because the amount owed to plaintiff for propane delivered in March, 1972, could not exceed $1,721.17. Further, defendants maintained that it was entitled to an offset of $1,794.97 for overpayment to plaintiff for propane delivered during December, 1971, and January and February, 1972.

In a sworn affidavit that follows defendant's answer and cross-action, Oliver Bass, Jr. stated "That he has read the foregoing Answer and Cross-Action and that the facts contained therein are within his personal knowledge and that the same are true and correct."

Plaintiff filed its motion for summary judgment accompanied by two supporting affidavits. One of the supporting affidavits was made by Laura Coon, who keeps records of sales made by the plaintiff while the other supporting affidavit was made by F. P. Granberry, who is a partner in the law firm that represents the plaintiffs. Oliver Bass filed an affidavit in opposition to plaintiff's motion for summary judgment which stated "That the statement contained in Plaintiff's Original Petition and in the Affidavit of Laura Coon that Plaintiff delivered 22,125 gallons of propane to Defendant during the month of March, 1972, is not true and correct and that affiant personally knows that Plaintiff could not have deliv-

ered in excess of 19,130 gallons of propane during the month of March, 1972, to the Defendant." After having considered the pleadings and supporting affidavits of both parties, the trial court found that there was an absence of any genuine issue of material fact and granted summary judgment in favor of the plaintiff.

We affirm.

Defendant maintains in its third point that the trial court erred in holding that defendant's original answer is insufficient under Rule 185 [1] for two primary reasons.

■■ First, defendant's pleadings do not include a sworn denial that sufficiently traces the language requirements of Rules 93(k) and 185. Rule 185 provides that in a suit upon a sworn account the defendant must file a verified answer,

> " * * * stating that each and every item is not just or true, or that some specified item or items are not just and true * * *."

If a defendant files an answer not in compliance with Rules 93(k) and 185, he will not be permitted to deny the plaintiff's claim or any item included within the claim. Wilson v. Browning Arms Company, 501 S.W.2d 705 (Tex.Civ.App., Houston, 14th Dist., 1973, writ ref'd.). A denial of a verified account must be in the terminology of Rule 185, and courts are extremely exacting in the nature of the language used in sworn denials of such accounts. Goodman v. Art Reproductions Corporation, 502 S.W.2d 592 (Tex.Civ.App., Dallas, 1973, writ ref'd., n. r. e.); A. G. Solar v. Petersson, 481 S.W.2d 212, 215 (Tex.Civ.App., Houston, 14th Dist., 1972, no writ); Duncan v. Butterowe, Inc., 474 S.W.2d 619 (Tex.Civ.App., Houston, 14th Dist., 1971, n. w. h.); Akins v. Coffee, 376 S.W.2d 953 (Tex.Civ.App., Dallas, 1964, writ dism.).

Other than a general denial in its answer, appellant does not seem to deny that "each

and every item is not just or true." In other words, appellant does not seem to maintain that none of the alleged propane was delivered. (A sworn general denial is clearly inadequate compliance with Rules 93(k) and 185.) A. G. Solar v. Petersson, supra. Instead, appellant maintains that not all of the alleged 22,125 gallons of propane were delivered and that not all of the alleged $1,991.25 was owed because plaintiff could not have delivered in excess of 19,130 gallons which would have been valued at not in excess of $1,721.17. Therefore, defendant's complaint is leveled at "some specified item or items" and will be so treated in our discussion.

■ Rule 93 states that "A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit. * * (k) That an account which is the foundation of the plaintiff's action, and supported by the affidavit, is not just; and, in such case, the *answer* shall state that each and every item is not just or true, or that some specified item or items are not just and true." (Emphasis added.) Nowhere in its answer, cross-action and verifying affidavit, or even affidavit in opposition to summary judgment, does defendant come close to making a sworn denial in the language required by Rules 93(k) and 185. The nearest defendant comes to using the language required by Rules 93(k) and 185 is not even in its answer, as is required by Rule 93(k), but is in its affidavit in opposition to summary judgment in which it states "That the statement contained in Plaintiff's Original Petition and in the Affidavit of Laura Coon that Plaintiff delivered 22,125 gallons of propane to Defendant during the month of March, 1972, is not true and correct * * *." Nowhere in its answer, cross-action and verifying affidavit, or even affidavit in opposition to summary judgment, does defendant deny the "justness" of plaintiff's claim. If a defendant's sworn denial is

---

1. All references herein are to Texas Rules of Civil Procedure unless otherwise indicated.

leveled at each and every item, he must state that "each and every item is not just *or* true." (Emphasis added.) But, if a defendant's sworn denial is leveled at some specified item or items, he must state that "some specified item or items are not just *and* true." (Emphasis added.) McDonald v. Newlywed's, Inc., 483 S.W.2d 334 (Tex. Civ.App., Texarkana, 1972, writ ref'd., n. r. e.); Duncan v. Butterowe, Inc., supra. "Every word of a statute (or rule) is presumed to have been used for a purpose, and a cardinal rule of statutory construction requires that each sentence, clause, phrase and *word* be given effect if reasonably possible." (Emphasis added.) Eddins-Walcher Butane Company v. Calvert, 156 Tex. 587, 298 S.W.2d 93, 96 (1957); Findley v. Calvert, 509 S.W.2d 393 (Tex.Civ.App., Beaumont, 1974, n. w. h.). "Ordinarily the words 'and' and 'or,' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive nature." Board of Insurance Commissioners v. Guardian Life Ins. Co., 142 Tex. 630, 180 S.W.2d 906, 908 (1944); Employers Casualty Company v. Patterson, 344 S.W.2d 199, 201 (Tex.Civ.App., Amarillo, 1961, n. w. h.). "And" means "also" or "in addition to." Therefore, we believe that if a defendant is denying some specified item or items, the rule makers intended for him to deny both the "justness" and the "truth" of the plaintiff's claim. Although "just" and "true" can be synonyms, they can have somewhat different meanings. "Just" can mean "fair" while "true" can mean "correct." See First State Bank of Teague v. Hadden, 158 S.W. 1168, 1170 (Tex.Civ.App., Dallas, 1913, no writ) and Hughes v. Potts, 39 Tex. Civ.App. 179, 87 S.W. 708, 709 (1905, writ ref'd.). We do not believe that the rule makers would have been intentionally redundant by including two words, side by side, with identical meanings. It appears that the rule makers intended for the words "just" and "true" to have somewhat different meanings and that if a defendant's denial is only leveled at some specified item or items, then it seems that the rule makers intended for the defendant to deny both the "justness" and the "truth" of plaintiff's claim. In the case at bar, the defendant only denies delivery of some of the propane, not all of the propane.

Moreover, a comparison of the defendant's alleged sworn denial in the case at bar with the defendant's alleged sworn denial in Roy E. Youngblood v. Central Soya Company, Inc., 522 S.W.2d 277 (Tex.Civ.App., Fort Worth, 1975) shows that defendant did not sufficiently comply with the language requirements of Rules 93(k) and 185. In *Youngblood*, the defendant's answer stated that " * * * the account made the basis of Plaintiff's suit is not just and true in that the Plaintiff has charged the Defendants a price in excess of the reasonable market value of the feed that it furnished * * * " and the defendant's verifying affidavit at the end of his answer and cross-action stated " * * * the above Defendants' First Amended Original Answer is true and correct." In *Youngblood*, the court stated that the defendant did not deny under oath "that each and every item is not just or true, or that some specified item or items are not just and true" as is required by Rule 185. Certainly the defendant's alleged sworn denial in *Youngblood* was much closer to the language requirements set forth in Rule 93(k) and 185 than the defendant's alleged sworn denial in the case at bar, and in *Youngblood* the court held that the defendant's sworn denial was insufficient. See Akins v. Coffee, supra.

■ Second, when the defendant's denial questions only a part of the items (specified item or items), those put in issue must be set forth in intelligible detail. A. G. Solar v. Petersson, supra; 2 McDonald Texas Civil Practice, sec. 7.31, at 241 (1970). The word "specified" has been construed to mean "mentioned or named in a specific

manner, or told or stated precisely or in detail." Republic National Bank of Dallas v. Strealy, 343 S.W.2d 284 (Tex.Civ.App., Forth Worth, 1961, reversed on other grounds 163 Tex. 36, 350 S.W.2d 914). The account filed by plaintiff in its original petition was set forth in careful detail. Plaintiff's systematically kept records reveal that it made fourteen deliveries of propane to defendant during March, 1972. Plaintiff's records also show the date on which each delivery was made, the number of gallons of propane that were delivered per delivery, the cost of propane per gallon at the time of each delivery, and the monetary value of each delivery. Nowhere in its answer, cross-action and verifying affidavit, or even affidavit in opposition to summary judgment, does defendant specify the deliveries (items) which he disputes, much less sets forth those items in intelligible detail.

In its other points defendant contends that the trial court erred in granting a summary judgment because there is a genuine issue of a material fact and because summary judgment is improper where the summary judgment evidence renders the position of the moving party untenable regardless of insufficient pleadings.

Rule 185 provides that in a suit on a sworn account plaintiff's petition, properly verified, "shall be taken as prima facie evidence thereof." Rule 185 also provides that unless the defendant files a written denial, denying the plaintiff's allegations under oath, in the form provided, the defendant shall not be permitted to deny the plaintiff's claim. Wilson v. Browning Arms Company, supra. Also see Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540, Footnote 1 at 543 (Tex.Sup. 1971). In the case at bar, since the defendant did not file a written denial, in the form provided by Rule 185, it shall not be permitted to deny the plaintiff's claim. Since defendant did not plead a sworn denial of the account in the form required by Rule 185 and 93(k), it follows that the validity of the account sued upon remains unchallenged and no issue of fact is presented. Roy E. Youngblood v. Central Soya Company, Inc., supra, and cases cited therein; Akins v. Coffee, supra. Summary judgment was therefore properly rendered in favor of plaintiff on the sworn account action.

All of defendant's points have been considered and are overruled. The judgment of the trial court is affirmed.