Oliver v. Alford & Gassaway 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-144-CV

     CARROLL SIMMONS OLIVER, ET UX.,
                                                                                              Appellants
     v.

     ALFORD & GASSAWAY, P.C.,
                                                                                              Appellee
 

From the County Court at Law
McLennan County, Texas
Trial Court # 910323 CV1
                                                                                                    

O P I N I O N
                                                                                                    

      Alford & Gassaway, P.C. (the "corporation") sued Carroll Simmons Oliver and Mary Wanda
Oliver on a sworn account for attorney's fees previously incurred by the Olivers in a bankruptcy
action and for interest and attorney's fees in the current suit. The Olivers responded by filing a
pro-se "Defendants/Counter Plaintiff's Answer to Plaintiff's Original Petition," asserting that no
fees were owed, that the filing of the suit "constitutes `Malicious Prosecution,'" that the
corporation "violated the `Deceptive Trade Practice Act,'" and "plaintiff committed `Legal
Malpractice.'" 
      After the corporation filed a motion for a summary judgment on the sworn account without
mentioning the counterclaims, the Olivers, through an attorney, filed an amended answer and
counterclaim. Although the amended pleading was filed within seven days of the date of the
hearing on the motion for summary judgment, that fact is not material to our decision because the
Oliver's original pleading also contained counterclaims. They also filed a motion for leave to file
a response to the motion for summary judgment, but because it was filed within seven days of the
date of the hearing, the court denied leave to file it.
      The court granted a summary judgment for the corporation for the amount of $5,260.04 on
the sworn account, $709.48 prejudgment interest, attorney's fees for the trial and for appeal,
postjudgment interest, and costs. The judgment does not mention the counterclaims. It includes
the statement: "All relief not expressly granted herein is denied."
      The following day, the corporation filed another affidavit in support of the motion for
summary judgment, setting forth more detail of the charges incurred in the bankruptcy action. Six
days later the court signed an identical summary judgment granting the same relief and containing
the same statement.
      The Olivers's first point asks that we dismiss the appeal because the summary judgment "is
an interlocutory, unappealable order." They assert that, because their counterclaims were not
addressed, the judgment is not final and cannot be appealed.
      The motion for a summary judgment must state the specific grounds upon which the movant
relies, to define the issues and provide the non-movant with adequate notice for opposing the
motion. Tex. R. Civ. P. 166a(c); Westchester Fire Ins. Co. v. Alvarez, 576 S.W.2d 771, 772
(Tex. 1978). An issue not expressly presented to the trial court by written motion, answer, or
other response shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). 
The record reveals that the corporation did not assert that it was entitled to a summary judgment
on the counterclaims, nor did it present any summary-judgment evidence in support of such a
contention. There is no order of severance in the record. Thus, the summary judgment does not
dispose of the counterclaims and is a partial summary judgment and interlocutory in nature. See
Chase Manhattan Bank v. Lindsay, 787 S.W.2d 51, 53 (Tex. 1990) (orig. proceeding). Because
the partial summary judgment is interlocutory in nature, it is not appealable. See City of Beaumont
v. Guillory, 751 S.W.2d 491, 492 (Tex. 1988).
      The phrase "all relief not expressly granted is denied" has no place in a partial summary
judgment. Teer v. Duddlesten, 664 S.W.2d 702, 704 (Tex. 1984). It cannot convert an
intrinsically interlocutory partial summary judgment into a final judgment disposing of claims as
to which no motion for summary judgment has been filed. See Sakser v. Fitze, 708 S.W.2d 40,
42 (Tex. App.—Dallas 1986, no writ).
      The corporation's reliance on Space City Construction Co. v. Gifford-Hill & Co., Inc. is
misplaced for two reasons: It was decided prior to City of Houston v. Clear Creek Basin Auth.,
in which the Supreme Court set definitive standards for review of a summary judgment, and the
opinion in Space City states that the court ruled that "Gifford-Hill was entitled to be discharged
from any liability under Space City's cross petition." See City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 675-679 (Tex. 1979); Space City Construction Co. v. Gifford-Hill & Co.,
Inc., 468 S.W.2d 897, 899 (Tex. Civ. App.—Houston [1st Dist.] 1971, no writ).
      Appeal dismissed.
 
                                                                                 PER CURIAM

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Appeal dismissed.
Opinion delivered and filed November 25, 1992
Do not publish